STATE *v.* SEAWELL.

(*Nashville*, December Term, 1949.)

Opinion filed March 17, 1950.

NAT TIPTON, Assistant Attorney General, for the State.

E. T. NANCE and A. L. ENGLISH, both of Shelbyville, for defendant.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This is an appeal by the State from the action of the Trial Judge in quashing an indictment under the bad check law, Code, Section 11157, the pertinent parts of which are as follows: "Any person who shall obtain, with fraudulent intent, money, or other property which may be the subject of larceny, or who shall obtain credit with like intent, by means of a check, draft, or order, of which he is the maker or drawer, which is not paid by the drawee, shall be guilty of a misdemeanor if the amount or value is sixty dollars or less; if the amount or value is more than sixty dollars he shall be guilty and punishable as in the case of larceny, of such money or other property, or of anything of value obtained on such credit, unless payment shall be made of such check, draft or order after giving three days' written notice mailed to the drawer's last known address . . .."

Omitting the caption and surplusage, the body of the indictment under attack is as follows:

"The Grand Jurors for the State of Tennessee, duly elected, empaneled, sworn and charged to inquire for the body of the County, and State aforesaid, upon their oaths aforesaid, present, that D. O. Seawell heretofore, to wit: on the——day of——, 1949, in the County aforesaid, did,

knowingly, wilfully, unlawfully, feloniously, and with fraudulent intent make and issue a certain check in the words and figures as follows:

Shelbyville, Tenn.

Oct. 22, 1949 No.——

First National Bank

Pay to the order of

  Mrs. Catherine Cawthron....................$25/00

Twenty five & no/100.........................Dollars

For Labor

Iris Pastry Shop
------------------
D. O. Seawell

And on which check obtained goods, merchandise and money and credit of the value of 25 dollars from Mrs. Catherine Cawthron which check the drawee, the said First National Bank failed to pay after demand made, the said maker or drawer not having sufficient funds on deposit or to his credit with the said drawee bank with which to pay said check when presented; and which check the said drawer or maker failed to pay after three days written notice mailed to his last known address, against the peace and dignity of the State."

We think the action of the Trial Judge must be affirmed, and that his action in quashing the indictment was correct under the fifth ground of the motion to quash, which is as follows: "5th. Because the indictment does not charge what thing was obtained that was the subject of larceny."

The bad check law, Code, Section 11157, *supra*, covers the entire subject of obtaining money or other property by means of a check which is not paid. It is exclusive and supersedes older statutes and the Common Law. *Haley* v. *State,* 156 Tenn. 85, 299 S. W. 799.

Therefore, to charge validly, the offense of fraudulently obtaining money or goods by a bad check, the details of the offense defined in the foregoing Code section must be followed. The offense is only made out if it be charged that the defendant or accused obtained "with fraudulent intent, money, or other property which may be the subject of larceny". With no description of the property actually obtained, the indictment before us charges that the accused did "with fraudulent intent make and issue a certain check, and on which check obtained goods, merchandise and money and credit, etc." The indictment contains no sufficient description or definition of the property actually taken.

██ ██ The case is controlled by *Malkemus* v. *State*, 174 Tenn. 547, 129 S. W. 2d 201, 202, where, in the course of the opinion, at page 551, Judge Green said: "In other words, a prosecution under the bad check law is not essentially different from a prosecution for obtaining property by any other false pretense. The rule is well settled that in a prosecution for obtaining goods under false pretenses the indictment *must specify the goods obtained.*" (Italics ours.)

Judge Green cites and approves the following from 1 Wharton Criminal Procedure, Section 643: "Some of the cases hold that the description must be made with the same particularity that would be required in an indictment for a larceny of such property; other cases are to the effect that the indictment or information may describe the property in the language used by the accused in making the false pretenses. However, the description of the property should be reasonably certain, and as particular as the case will admit of. This description need

not be by the legal name of the article, and should not be in the alternative.''

Because the indictment fails to describe the property with sufficient definiteness, *Malkemus* v. *State, supra,* the action of the Trial Judge in sustaining the motion to quash was correct and the judgment is affirmed.

All concur.