GEORGE E. CLARDY, Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

(*Nashville,* December Term, 1959.)

Opinion filed February 5, 1960.

PAUL D. WALKER, Clarksville, for plaintiff in error.

THOMAS E. FOX, Assistant Attorney General, for the State.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

The plaintiff in error, George E. Clardy, hereinafter called the defendant, was convicted for the offense of obtaining money by false pretense and sentenced to serve 5 years in the State Penitentiary. After his motion for new trial was overruled an appeal in his behalf has been duly perfected.

The only question is one of law and that is whether under the facts of this case he was erroneously indicted and convicted under T.C.A. sec. 39-1901, the false pretense statute, whereas he should have been convicted under T.C.A. sec. 39-1904, the bad check law.

The facts: September 2, 1958, the defendant opened an account with the Northern Bank of Tennessee in Clarksville, Montgomery County, Tennessee, by a deposit in the amount of $3 in the name of American Overseas Veterans, a non-existent fictitious organization. September 15, 1958, defendant issued a check payable to himself and indorsed by him in the amount of $35 to the Doctor's Pharmacy, Clarksville, Tennessee, and received in exchange therefor money. The check was dishonored and unpaid.

It is the insistence in behalf of the defendant that this offense falls within the terms of the bad check law supra, and not under the false pretense statute. The State insists to the contrary.

The gravamen of the State's position is that the obtaining of the money from the pharmacy and the

fraud and deception resulted from defendant's indorsement of the check rather than his making of it. We think the question is controlled by two cases. In *State v. Cooley,* 141 Tenn. 33, 206 S.W. 182, wherein defendant was held to have violated the act, though he signed the check (for which he obtained the goods) as President of a Grocery Company. On page 37 of 141 Tenn., on page 183 of 206 S.W. the Court said:

"The gravamen of the charge against the defendant, as defined by the statute, is not the issuance of a check, but is the obtaining, with fraudulent intent, money or other property or credit by means of a check. The "bad check" is merely the prohibited means of accomplishing the fraud. * * *"

On page 38 of 141 Tenn., on page 184 of 206 S.W. the Court further stated in construing the phrase "of which he is the maker or drawer" is to be given its literal meaning and the words are to be understood in their ordinary sense, and not in the technical meaning imputed to them as used in the negotiable instruments law.

Then in *Haley v. State,* 156 Tenn. 85, 299 S.W. 799, it is *Held,* that the statute covers the entire subject matter of fraudulently obtaining money or the property by means of a check which is not paid and this statute supersedes or repeals so much of the false pretense statute as might otherwise apply.

We hold, therefore, that the trial court was in error in not granting the motion to quash the indictment for the above reasons. The judgment below is reversed and the cause is remanded.

The Court wishes to thank counsel for his efforts in behalf of the defendant for whom he was appointed by the court as counsel.