William Thomas HOUSTON, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

April 17, 1978.

Certiorari Denied by Supreme Court June 26, 1978.

James T. Milliken, Johnson City, for appellant.

Brooks McLemore, Jr., Atty. Gen., Robert L. Delaney, Asst. Atty. Gen., Nashville, Lewis W. May, Jr., Dist. Atty. Gen., Mountain City, William R. Mooney, Asst. Dist. Atty. Gen., Johnson City, for appellee.

## OPINION

RUSSELL, Judge.

William Thomas Houston has appealed his conviction for murder in the first degree. In the judgment below, the appellant

was sentenced to 30 years in the State penitentiary. For reasons hereinafter stated, that judgment is affirmed.

■ By his first assignment of error the appellant alleges that he was illegally extradited from Ohio to Tennessee. Because Houston has been tried and convicted, he cannot now be heard to complain of the procedure by which he was brought into Tennessee. *Frisbie v. Collins*, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952), rehearing denied in 343 U.S. 937, 72 S.Ct. 768, 96 L.Ed. 1344; *Swaw v. State*, 457 S.W.2d 875 (Tenn.Cr.App.1970). This assignment is overruled.

■ Error is assigned upon the basis of the trial court's overruling the appellant's motion to dismiss filed on November 24, 1976. In the motion, Houston asserted that he had been denied his right to a preliminary hearing afforded by T.C.A. § 40–1131. That statute provides that:

"In all criminal cases, prior to presentment and indictment, whether the charge be a misdemeanor or a felony, the accused shall be entitled to a preliminary hearing, whether the grand jury of the county be in session or not.

If the accused is indicted during the period of time in which his preliminary hearing is being continued, or at any time before the accused has been afforded a preliminary hearing on a warrant, he may abate the indictment upon motion to the court. Provided, however, that no such motion for abatement shall be granted after the expiration of thirty (30) days from the date of the accused's arrest."

A warrant for Houston's arrest was issued in January of 1976. He was arrested on a fugitive warrant by an F.B.I. agent in Lorain, Ohio, on April 13, 1976. The indictment against him was returned on May 11, 1976. He was surrendered to the custody of the State of Tennessee on July 8, 1976. Instead of requesting a preliminary hearing before the return of the indictment, Houston elected to flee the jurisdiction. He then failed to move to abate the indictment within 30 days of his arrest. This assignment is without merit.

■ The appellant contends that his right to counsel was violated by the trial court's delay in appointing an attorney to represent him. While Houston was surrendered into the custody of the State of Tennessee on July 8, 1976, he did not file an affidavit of indigency until August 19, 1976. On September 8, 1976, the trial court appointed James T. Milliken to represent Houston. The record is destitute of any showing that the appellant was prejudiced by the interval between his request for counsel and the trial court's appointment. This assignment is meritless.

■ The appellant's next assignments of error revolve about the testimony and an out-of-court statement of Kathy Weber Jayco. Mrs. Jayco and the victim, Patricia Ann Frazier, had lived together in the apartment where the murder occurred. Mrs. Jayco was present in the apartment on the night of the killing, January 15, 1976. Kathy Weber Jayco had given a statement to officers of the Johnson City Police Department. On the day of the trial, April 29, 1977, the appellant's counsel was given a copy of that statement. The appellant maintains that by waiting until the day of the trial, the State was acting in violation of the trial court's December 14, 1976, order commanding the State to produce all exculpatory material and information. The exculpatory part of Mrs. Jayco's statement is said to be her observation that the man who shot and killed Patricia Ann Frazier "stuttered real bad". In view of the appellant's brother's testimony that the appellant stutters when he has been drinking and the appellant's father's testimony that the appellant has a drinking problem, we would hardly characterize Mrs. Jayco's statement as exculpatory. Moreover, the appellant failed to request a continuance upon receiving a copy of the statement. This assignment is overruled.

■ The appellant claims he was unfairly surprised by Mrs. Jayco's testifying. He argues that the State, by listing Mrs. Jayco on the indictment by her maiden name, Kathy Weber, violated T.C.A. § 40–2407, which calls for the district attorney general

to list on an indictment the names of the witnesses he intends to call. Since T.C.A. § 40–2407 is directory only, *Aldridge v. State*, 470 S.W.2d 42 (Tenn.Cr.App.1971), a witness is not disqualified from testifying even when his name is entirely omitted from an indictment. The appellant did not object to Mrs. Jayco's taking the witness stand nor did he request a continuance before she did so. Therefore, we must reject his contention that he was unfairly surprised by her testifying.

 The appellant challenges Mrs. Jayco's in-court identification of him as the man who killed Patricia Ann Frazier. His complaint is based on the fact that prior to the trial Mrs. Jayco was shown a photograph of Houston, at which time she identified him as the killer. In light of the appellant's failure to object to the in-court identification, this assignment is not properly before us. We do point out, however, that in response to the trial court's question Mrs. Jayco stated emphatically that her identification of Houston as the murderer was based on her observation on the night of the killing and not on her subsequent perusal of Houston's photograph. Though the lack of objection is sufficient to dispose of the appellant's complaint that his counsel was not present when Mrs. Jayco was shown his photograph, we note in passing that there is no right to counsel at the State's pre-trial photographic displays. *United States v. Ash*, 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973). These assignments of error are overruled.

 In his next assignment of error, the appellant challenges the legal sufficiency of the convicting evidence. Kathy Weber Jayco testified that on the evening of January 15, 1976, Houston and an accomplice came into the Johnson City apartment where she and Patricia Ann Frazier had been living. She said the two men stole her purse and a valise containing three pounds of marijuana. As they were leaving, Houston shot Miss Frazier twice. Dr. Thomas P. Potter, Jr. testified that Miss Frazier's death was caused by two .25 caliber bullet wounds in the abdomen. The appellant's brother, Larry Houston, and Glenn White both testified that a few days prior to the crime they had

heard the appellant discuss his intention of stealing marijuana from a Johnson City Apartment occupied by two women. White said that on the occasion of that discussion the appellant had a .25 caliber automatic pistol in his possession; Larry Houston said he gave his brother 30 rounds of .25 caliber ammunition. Larry Houston stated that on January 16, 1976, the day after the killing, he saw the appellant who told him that things had gone sour and that he had to shoot someone. We hold that the evidence is sufficient to support the jury's verdict that Houston is guilty of murder in the first degree. See *Phillips v. State*, 455 S.W.2d 637 (Tenn.Cr.App.1970). This assignment is without merit.

 The appellant contends that the trial court erred in declining to rule in advance on whether the State could use a 1960 conviction to impeach Houston's testimony if and when he took the witness stand. The motion was made before the appellant had presented any of his proof. The trial court indicated it would not rule on the motion until Houston had testified. Houston did not testify on his own behalf. We find no error in the trial court's disposition of this motion.

 The appellant's final assignment of error involves the trial court's refusal to grant his motion for a continuance made at the conclusion of the appellant's proof. The continuance was requested so the appellant could procure a character witness to impeach the testimony of his brother, Larry Houston. The potential witness, a sheriff in North Carolina, had not been subpoenaed. In view of the appellant's failure to show that he and his counsel had been diligent in discovering this witness and in bringing him to the trial, we hold that the trial court did not abuse its discretion by refusing to grant the motion for a continuance. The judgment of the trial court is affirmed.

DWYER, P. J., and BYERS, J., concur.