**STATE of Tennessee, Appellee,**

v.

**Kenneth B. KENNER, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

June 30, 1982.

Permission to Appeal Denied by Supreme Court Oct. 4, 1982.

Edwin Z. Kelly, Jr., Jasper, for appellant.

William M. Leech, Jr., Atty. Gen., David M. Himmelreich, Asst. Atty. Gen., Nashville, L. Mike Caputo, Asst. Dist. Atty. Gen., Jasper, for appellee.

## OPINION

TATUM, Judge.

The defendant, Kenneth B. Kenner, was convicted of obtaining money under false pretense (T.C.A. § 39–1901—Sup.1981) and of passing a forged instrument (T.C.A. § 39–1704). The amounts involved exceeded $200.00 and punishment was fixed in each case at not less than 5 years nor more than 10 years imprisonment in the State penitentiary. The defendant presents nine issues for review on various grounds. The conviction for obtaining money under false pretense is reversed and remanded. The conviction for passing a forged check is affirmed.

■ We first address the issues testing the sufficiency of the evidence. The defendant did not testify and offered no proof. In considering the evidence, we must resolve all conflicts in favor of the State and bear in mind that upon appeal, the State is entitled to the strongest legitimate view of trial evidence and all reasonable or legitimate inferences which may be drawn from the evidence. *State v. Cabbage*, 571 S.W.2d 832 (Tenn.1978). Any and all facts, including intent or purpose, may be established by circumstantial evidence as well as direct evidence. *Graham v. State*,

218 Tenn. 453, 404 S.W.2d 475 (1966); *Prince v. State,* 542 S.W.2d 842 (Tenn.Cr. App.1976).

At approximately 10:00 o'clock A.M. on Saturday, March 1, 1980, Mr. Joe Ray Wilson, president of the First Bank of Marion County at South Pittsburg, received a telephone call from a man who sounded like and purported to be Mr. Graham Swafford, the bank's attorney. Mr. Wilson was personally acquainted with Mr. Swafford and erroneously believed that the caller was Swafford. The person calling told Mr. Wilson that he had concluded representing his cousin in a matter concerning an estate and was sending him to the bank to open up a savings account. A few minutes later, the defendant came to the bank and told Mr. Wilson, "I'm the gentleman that Graham Swafford called you about." Wilson introduced the defendant to Ms. Ruby Mayo, a bank employee, as Graham Swafford's cousin.

The defendant produced a check written on a "starter" check form [1] on the City and County Bank of Jefferson County, White Pine, Tennessee. The check was in the sum of $37,875.00, dated February 27, 1980, and was purported to have been signed by William T. Baird. In the upper left hand corner was typed "Jefferson County Realty Company, Box 75, Jefferson City, Tn., 37712." The check was made to Kenneth B. Kenner and printed on the check was account number 1010321.

The defendant discussed primarily with Mr. Wilson and Ms. Mayo the purchase of a certificate of deposit. However, when Ms. Mayo prepared the certificate of deposit, he told her that he only wanted a certificate in the sum of $12,000.00 and desired a cashier's check made to him in the sum of $25,875.00. The cashier's check was prepared by Ms. Mayo and signed by Mr. Wilson.

The defendant told Mr. Wilson and Ms. Mayo that he had been visiting Graham Swafford's mother, "Aunt Claude." He also told Mr. Wilson that he was moving to Chattanooga and was opening the account

1. "Starter" checks are issued when a new account is opened. The name and address of

at the bank because of his relationship with the Swafford family.

Mr. Graham Swafford testified that he did not make the telephone call and had no knowledge of it. A stranger, identifying himself as Bob Garland, telephoned Mr. Swafford a day or two before March 1 and made an appointment, which was not kept, to discuss real estate matters.

Ms. Margie Rimmer, Assistant Cashier of the City and County Bank at White Pine testified that the defendant opened a commercial account at her bank on December 1, 1978 and closed it on December 7, 1978. The number assigned to the defendant's account was 1010321. The bank had no account in the name of Jefferson Realty Company or in the name of William Baird. This account was in the defendant's name alone. When the account was opened, the defendant was furnished "starter" blank checks for a commercial account. When the City and County Bank received the check in the sum of $37,875.00 from the First Bank of Marion County, it was returned unpaid by the City and County Bank with the notation "No account on file."

Mrs. Tony Allen of the Peoples Bank of Elk Valley in Fayetteville, Tennessee, testified that about noon on Saturday, March 1, 1980, the defendant appeared at her bank with the $25,875.00 cashier's check issued to him by the First Bank of Marion County. He opened a $25,000.00 checking account with the cashier's check and received $875.00 in cash. The defendant told Mrs. Allen that he was moving to Lincoln County to work in the area of special education. On the following Monday, March 3, 1980, the defendant obtained a "wire transfer" of $24,000.00.

 We first address the conviction for transferring the forged check. T.C.A. § 39–1701 defines forgery as "The fraudulent making or alteration of any writing to the prejudice of another's rights." The offense of transferring forged paper is defined by T.C.A. § 39–1704 as follows:

the holder of the account is not printed thereon.

"§ 39–1704. Transfer of forged paper— Felony.—Any person who fraudulently passes or transfers, or offers to pass or transfer, any forged paper, knowing it to be forged, with intent to defraud another, is guilty of a felony."

The elements of the offense are: (1) actual knowledge that the instrument is false, (2) direct or implied representation that the instrument is genuine, and (3) intent to defraud. *Clancy v. State,* 521 S.W.2d 780 (Tenn.1975); *Strickland v. State,* 575 S.W.2d 957 (Tenn.Cr.App.1978). The defendant insists that the evidence does not support the finding that the check given to First Bank of Marion County on the City and County Bank was in fact a forgery. He points out that the State was unable to prove the nonexistence of a Jefferson County Realty Company or William L. Baird, who purportedly signed the check. Nevertheless, we find circumstantial evidence supporting the finding that the check was in fact a forgery and that the defendant knew it to be a forgery.

The defendant had opened a commercial account for only 7 days at the City and County Bank where he obtained the blank check. The account number was printed on the blank check and no one had authority to write checks on this account but the defendant. More than one year elapsed between the time the defendant closed this account and the check was written on it. The jury was justified in concluding that the defendant knew that a check signed by William L. Baird on an account number which belonged solely to the defendant and which had been closed for more than a year was not genuine. The facts above summarized leading up to the issuance of the cashier's check and the conduct of the defendant immediately after obtaining the cashier's check leave no doubt that the defendant had actual knowledge of the false character of the check and that it was fraudulently made. See *Williams v. State,* 576 S.W.2d 766 (Tenn.Cr.App.1978). The evidence with respect to the conviction for violation of T.C.A. § 39–1704 (Uttering Forged Paper) meets the standard required by Rule 13(e), T.R.A.P.

The defendant next insists that the conviction for false pretense cannot stand. He cites several cases holding that one violating the bad check law (T.C.A. § 39–1959) cannot be tried and convicted of false pretense. These cases hold that T.C.A. § 39–1959 are intended to cover the entire subject matter of issuing fraudulent checks and supercedes or repeals so much of the fraudulent pretense statute that deals with the subject covered by T.C.A. § 39–1959. See *Clardy v. State,* 206 Tenn. 100, 332 S.W.2d 178, 179 (1960); *Seawell v. State,* 190 Tenn. 77, 227 S.W.2d 777 (1950); *Haley v. State,* 156 Tenn. 85, 299 S.W. 799 (Tenn. 1927); *State v. Cooley,* 141 Tenn. 33, 206 S.W. 182 (1918). These cases deal with factual situations where bad checks are given in violation of T.C.A. § 39–1959 and not cases involving forgery or uttering forged instruments.

In *Foute v. State,* 83 Tenn. 712 (1885), the Supreme Court held that convictions for obtaining money by false pretenses and for passing forged paper could both stand.

The false pretense statute, T.C.A. § 39–1901 provides:

"39–1901. False pretense.—Any person, who, by any false pretense, or by any false token or counterfeit letter, with intent to defraud another, obtains from any person any personal property, services, labor, or the signature of any person to any written instrument, the false making of which is forgery, shall, on conviction, be punished as in case of larceny.

The words 'false pretense' include all cases of pretended buying, borrowing, or hiring, bailment or deposit, and all cases of pretended ownership, where the person obtaining possession intended, at the time he received the property, feloniously to steal the same."

The State proved the elements of false pretense. The defendant pretended falsely to have been referred to the bank by the bank's attorney and the defendant falsely pretended that the check offered to the bank was valid. As previously discussed, there was abundant evidence that the de-

fendant, with felonious and fraudulent intent, procurred the cashier's check from the bank, which check was the equivalent of currency. The president of the bank relied upon the fictitious telephone call coupled with representatives of the defendant associating himself with the bank's attorney in accepting the fraudulent check, which the defendant pretended to be valid. See *Beck v. State,* 203 Tenn. 671, 315 S.W.2d 254 (1958). The evidence supports the finding of the jury that the defendant violated the false pretense statute.

However, in the context of this case, we do not think that the defendant can be punished for both offenses. The only criminal act committed by the defendant was the transfer of the forged check for a fraudulent purpose. The only intent was to defraud the bank. No evidence was required to prove one of the offenses that was not required to prove the other. Generally speaking, any utterance of a fraudulent or forged check would violate the false pretense statute. In *State v. Black,* 524 S.W.2d 913 (Tenn.1975), our Supreme Court discussed various formulas and tests which have been applied and are helpful. The court observed that each case required close and careful analysis of the offense involved, the statutory definitions of the crimes, the legislative intent, and the particular facts and circumstances in determining whether a defendant can be constitutionally punished twice for one criminal act. In applying this criteria, we conclude that the conviction for both offenses violates the double jeopardy provisions of the State and Federal constitutions and we reverse and dismiss the conviction for violating the false pretense statute, T.C.A. § 39–1901.

The defendant complains that the count of the indictment charging him with obtaining money by false pretenses was allowed to be amended to his prejudice. In view of our disposition of the false pretense conviction, this issue is moot.

■ In another issue, the defendant complains because the trial judge, Honorable Paul A. Swafford, declined to recuse himself. He states that the father of the wit-

ness, Graham Swafford, was the trial judge's first cousin. He cites Rule 10, Canon 3 of the Supreme Court Rules directing that a trial judge recuse himself when he has knowledge that a person within the third degree of relationship, as computed by the civil law, will likely be a witness in the case. The relationship of the judge and the witness is only in the fifth degree. *Sutherland v. Keene,* 29 Tenn.App. 303, 203 S.W.2d 917, 921 (1947). There is no claim that the trial judge was biased or prejudiced. This issue is overruled.

■ In another issue, the defendant contends on the ground of hearsay, that the witness, Graham Swafford, should not have been permitted to testify concerning a telephone conversation he had with an unidentified person a day or two before the defendant presented the fraudulent check to the bank. The evidence of the conversation was not hearsay because it was not offered to prove the truth of the statements made. *Tennessee Law of Evidence,* Donald F. Paine, § 47. The evidence was relevant in context of this case for the jury to consider whether the defendant made the call to enable him to imitate Mr. Swafford's voice to deceive Mr. Wilson. See generally *State v. Banks,* 564 S.W.2d 947 (Tenn.1978). More remote evidence is admissible as relevant in fraud cases than is generally admissible in other cases. See, generally, *Perritt v. Perritt,* 528 S.W.2d 561 (Tenn.App.1973). There is no merit in this issue.

■ Defendant also contends that Mr. Wilson should not have been allowed to testify to a conversation he had with the individual who telephoned him purporting to be Graham Swafford. The defendant also contends that this was hearsay; but, again, this evidence was not offered or admitted to prove the truth of the statements made. This evidence was admissible as a verbal act as a part of the fraudulent transaction and as *res gestae.*

■ The defendant next complains that the court erred in allowing the State's witnesses, Ms. Ruby Mayo and Ms. Tony Allen to testify in this case. Several State's wit-

nesses were listed on the indictment in partial compliance of T.C.A. § 40–2407, but Mayo and Allen were not listed. Allen's name was furnished to defense counsel on Saturday before the trial began the following Tuesday. The trial was delayed for a sufficient time for defense counsel to talk with both Mayo and Allen. There is no showing of any prejudice or disadvantage resulting from the delay in furnishing the names of the witnesses. Although the court had ordered the names of witnesses to be furnished counsel earlier, the matter is governed by T.C.A. § 40–2407, requiring names of witnesses to be endorsed on the indictment. This code section is directory only. *State v. Gilbert,* 612 S.W.2d 188 (Tenn.Cr.App.1980); *Houston v. State,* 567 S.W.2d 485 (Tenn.Cr.App.1978). This issue is without merit.

Finally, the defendant contends that the trial judge erred in running the sentences imposed in this case consecutively to sentences imposed upon convictions in two cases from Knox County and one case from McMinn County. The court ordered the two sentences in this case to run concurrently with each other. The three convictions in Knox County and McMinn County were for bad checks and obtaining goods under false pretense. In addition, the defendant has 6 other felony convictions, making a total of 9 felony convictions in addition to the conviction in this case. The court found that the defendant was a multiple offender and a professional criminal within the definitions in *Gray v. State,* 538 S.W.2d 391 (Tenn.1976). The trial judge correctly construed the *Gray* case and he properly ordered consecutive sentences.

The conviction for false pretense is reversed and dismissed. The conviction for uttering a forged check is affirmed, with the consecutive sentence.

BYERS, J., and WILLIAM S. RUSSELL, Special Judge, concur.

