STATE of Tennessee, Appellee,

v.

Jack MORRIS, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

Nov. 24, 1987.

Permission to Appeal Denied By Supreme Court March 7, 1988.

W.J. Michael Cody, Atty. Gen., Bettye Springfield–Carter, Asst. Atty. Gen., James Pryor and Sharon Selby, Asst. Dist. Attys. Gen., for appellee.

James T. Milburn Rogers and Jerry Laughlin, Greeneville, for appellant.

## OPINION

BIRCH, Judge.

Jack Morris appeals from the judgment of the Criminal Court of Greene County, the Honorable James K. Beckner, Judge, wherein he was convicted of aggravated rape and sentenced to incarceration for a term of fifty (50) years.

He presents several issues for our review, namely:

1. Whether the evidence sufficiently supports the jury verdict;

2. Whether he should have been provided with a bill of particulars;

3. Whether he should have been provided with the names of certain witnesses more than two days before trial;

4. Whether the admission of certain evidence, sexual in content, was proper;

5. Whether the trial court should have ordered the victim's evaluation by a clinical psychologist;

and

6. Whether the sentence of fifty years imposed by the trial judge is appropriate.

We have examined the issues carefully. We affirm.

## SUFFICIENCY OF THE EVIDENCE

 In response to an allegation that a six-year-old female had been abused sexually by a nine- or ten-year-old cousin, Bill Solomon of the Greene County Sheriff's Department and Barbara Britton of the Department of Human Services, talked with the victim about the charges. Deciding against further action, they concluded the interview. Before leaving, Ms. Britton asked, rather routinely, if anyone else had ever done this to her. The child responded by asserting that the previous night the defendant had made her perform fellatio upon him (she described the act graphically). The child later related this incident at a video-taped interview, using anatomically-correct dolls. She further testified that this conduct had occurred many times in the past. Especially did she remember that the sexual encounter was accompanied by some form of sexual display—"naked women," as she put it.

On the date in question, defendant contrived to be alone with the victim for about 45 minutes while the mother and the other children went to the store. When the mother returned, the child was red-faced, as if she had been crying.

The victim's brother recalls two previous incidents. The first involved the defendant locking him out of the house for ten minutes, during which time he heard his sister appear to be choking inside the house; the second, the brother recalls the defendant asked the victim to "lie down with him." She was under the cover with her feet "out so far" and it sounded as if she were crying.

When the mother confronted the defendant (her husband) in the courtroom after preliminary hearing on the present charge and asked him whether he had done this, the defendant replied, "Even if I did, I'm

facing 20 years and she's only facing two years of psychiatric help."

Also, the defendant attempted to procure the mother to have the victim say that someone "put her up" to accuse the defendant.

The defendant contends that this proof is insufficient to support a conviction of aggravated rape. When the sufficiency of the evidence is challenged, the standard for appellate review is whether, after considering the evidence in a light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. On appeal, the state is entitled to the strongest legitimate view of the evidence, and all reasonable and legitimate inferences which may be drawn from the proof. *State v. Cabbage,* 571 S.W.2d 832, 835 (Tenn.1978). In a criminal action, a conviction will be set aside only where the reviewing court finds that the "evidence is insufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tennessee Rules of Appellate Procedure 13(e). In a jury trial, a guilty verdict, approved by the trial judge, accredits the testimony of the state's witnesses and resolves all conflicts in testimony in favor of the theory of the state. *State v. Hatchett,* 560 S.W.2d 627, 630 (Tenn.1978).

The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the testimony, however, are matters entrusted exclusively to the jury as the triers of fact. *Byrge v. State,* 575 S.W.2d 292, 295 (Tenn.Crim.App. 1978). The jury in this case chose to accredit the testimony of the prosecution witnesses and reject the testimony of the defendant. The evidence fully supports their verdict. We conclude that any rational trier of fact could have found the essential elements of the crime of aggravated rape beyond a reasonable doubt. *See* Tenn.Code Ann. § 39–2–603. The evidence of defendant's guilt in this case more than satisfies the standard prescribed in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979), and Tennessee Rules of Appellate Procedure 13(e).

## BILL OF PARTICULARS

█ Defendant contends that his due process rights were denied because the state failed to provide him with a bill of particulars. The chronology surrounding this contention is significant:

August 1, 1986—Indictment returned charging aggravated rape "... on or about the 9 day of June, 1986, and at various times from that date and the return of this indictment ..."

September 4, 1986—State ordered to provide bill of particulars

September 16, 1986—Superseding indictment returned charging aggravated rape "... on or about the 8 day of June 1986, ..." and a second count charging aggravated rape "... on or about October 12, 1982, and at various times from that date to June 8, 1986...."

The indictment specifically charges the offense of fellatio.

A defendant is entitled to know precisely the charges against him. This is to allow him to defend appropriately, to avoid prejudicial surprise, and to not place him twice in jeopardy.

The superseding indictment gave notice to the defendant that he should primarily be concerned with the events of June 8, 1986. This response was apparently satisfactory, for the defendant did not seek further particulars.

We do not here have a *Hicks* problem (*State v. Hicks,* 666 S.W.2d 54 (Tenn.1984)) because in the case *sub judice,* unlike *Hicks,* the trial judge granted the motion for the bill of particulars.

We note that the state made no serious attempt to prove any act other than the one of June 8, 1986.

There were no additional requests for information, and no objection to the particulars provided in the superseding indictment. In the absence of any claim of surprise or inability to defend, we find that any error involved in the manner of compliance was harmless.

## FAILURE TO FURNISH NAMES OF WITNESSES UNTIL TWO DAYS PRIOR TO TRIAL

■ Defendant next says that he was denied a fair trial and the effective assistance of counsel because the state furnished him the names of three potential witnesses two days before trial. Section 40–17–106, Tenn.Code Ann., providing for endorsement of witnesses on an indictment, is intended to prevent surprise to a defendant, and to insure that defendant will not be handicapped in the preparation of his case. Cases hold this provision to be directory, rather than mandatory. *State v. Kenner*, 640 S.W.2d 51 (Tenn.Crim.App.1982); *State v. Gilbert*, 612 S.W.2d 188 (Tenn.Crim.App. 1980); *Houston v. State*, 567 S.W.2d 485 (Tenn.Crim.App.1978).

Thus, failure to list or provide names of witnesses in accordance with Section 40–17–106, Tenn.Code Ann., neither disqualifies the witness nor entitles defendant to relief unless prejudice can be shown. *State v. Underwood*, 669 S.W.2d 700, 703 (Tenn.Crim.App.1984). Such prejudice is usually established in a proceeding subsequent to trial.

■ In the case *sub judice,* we observe that counsel was provided the names of the witnesses two days in advance of trial. There is no proof of any prejudice suffered by the defendant by having been furnished the names of the witnesses later than would have been proper. These witnesses were "close to the case," and their appearance was expected.

Counsel did not seek a trial delay in order to better prepare for trial, nor did he seek to disqualify any witness from testifying. He was well prepared for these witnesses, and the record shows he cross-examined them rigorously.

There is no evidence that the names were omitted for the purpose of inhibiting the defendant's preparation, cross-examination, or impeachment.

Under these circumstances, we are satisfied that this issue has no merit.

## PSYCHOLOGICAL EVALUATION OF VICTIM

■ The defendant next insists that the trial judge ought to have ordered the victim to be examined by a psychologist of defendant's choosing.

In *Forbes v. State,* 559 S.W.2d 318 (Tenn. 1977), our Supreme Court was presented with this same issue. The *Forbes* holding authorizes examination of the victim of sexual abuse only "where necessary to insure a just and orderly disposition of the case." Moreover, this authority granted to the trial judge to order an examination is severely restricted by the Court's admonition that such power should be invoked only for the "most compelling" of reasons.

Also, reasons must be documented, and trial judges are cautioned to exercise this discretion "sparingly."

The record reveals no reason which should persuade the trial judge to order the victim evaluated. The requirements of *Forbes* simply have not been met. This issue is overruled.

## SEXUALLY–ORIENTED EVIDENCE

■ Defendant next says that introduction of testimony about a satellite receiver, video movies, and video tapes was prejudicial error.

In context, the victim's testimony on this issue was as follows:

Q Was the television set ever on when these things happened?

A Yes.

Q And what was on the television set?

A Sometimes it was naked women.

Q Excuse me.

A Sometimes it was naked movies.

This testimony by the victim linking the sexual conduct with electronic or print display of sexually-oriented material made reasonable inquiry into the format of the material relevant. Likewise, the availability of such material is equally relevant.

Defendant says that even though relevant, its probative value was outweighed by its prejudicial effect.

Rule 403, Federal Rules of Evidence[1], provides:

> Although relevant, evidence may be excluded if its probative value is *substantially* outweighed by the *danger* of *unfair* prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay waste of time, or needless presentation of cumulative evidence. (emphasis added).

Having examined the evidence in context, we think that it was relevant, and of great probative value. We find no evidence of *unfair* prejudice. This issue is meritless.

### SENTENCING

The trial judge fixed defendant's sentence in Range II at fifty (50) years, with release classification status at 35%.

The statutorily-defined mitigating factors found by the trial judge are as follows:

1. The defendant's criminal conduct neither caused nor threatened serious bodily injury[2]; and

2. The defendant did not contemplate that his criminal conduct would cause or threaten serious bodily injury[3].

The statutorily-defined enhancement factors found by the trial judge are:

1. The defendant had a previous history of criminal convictions or criminal behavior[4];

2. A victim of the offense was particularly vulnerable because of age or physical or mental disability[5];

3. The personal injuries inflicted upon or the amount of damage to property sustained by or taken from the victim was particularly great[6]; and

4. The offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement[7].

Additionally, the trial court reasoned that "confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses." Likewise, the trial judge was concerned about deprecating this type of offense by lenient action.

Defendant first asserts that it was error for the trial court to allow evidence of defendant's prior conviction, evidence of the defendant's domestic situation, and evidence of a petit larceny charge which was the subject of intervention (Section 40–21–109, Tenn.Code Ann.) and subsequently expunged.

■ The trial judge stated, "Although there is not a prior felony conviction, there is a history of that." This is consistent with his duty to review the defendant's "previous criminal history or criminal behavior." He indicated clearly that he did not consider the petit larceny as a conviction.

■ The evidence about defendant's domestic situation unquestionably is admissible so that the trial judge could be as familiar as possible with the defendant's family and *social situation* and *background*, education, *occupation*, and *personal habits*. These matters are all required by § 40–35–207, Tenn.Code Ann., to be included in the pre-sentence report for the trial judge's consideration, and the judge may admit evidence he deems reliable, even though it may be hearsay. *State v. Flynn*, 675 S.W.2d 494, 498 (Tenn. Crim.App.1984).

The evidence was properly admitted.

---

1. Rule 403, Federal Rules of Evidence, was adopted by our Supreme Court in *State v. Banks*, 564 S.W.2d 947, 951 (Tenn.1978).

2. Tenn.Code Ann. § 40–35–110(1).

3. Tenn.Code Ann. § 40–35–110(2).

4. Tenn.Code Ann. § 40–35–111(1).

5. Tenn.Code Ann. § 40–35–111(4). The consideration of this enhancement factor is improper in this case, since the age of the victim is used to classify this offense as an especially aggravated offense.

6. Tenn.Code Ann. § 40–35–111(6).

7. Tenn.Code Ann. § 40–35–111(7).

■ Aggravated rape of a child under the age of thirteen is, by statute, classified as an especially aggravated offense. *See* Tenn.Code Ann. § 40–35–107(5). The statute further requires a Range II sentence for an especially aggravated offense. *See* Tenn.Code Ann. § 40–35–107(9).

A Range II sentence for aggravated rape of a person less than thirteen years of age is from a minimum of forty years to a maximum of life imprisonment (60 years).

The sentence of fifty years is within Range II.

Challenges to the length of sentence require this court to conduct a *de novo* review of the sentence without a presumption of correctness. Tenn.Code Ann. § 40–35–402(d). This *de novo* review must include a consideration of the following:

1. The evidence, if any, received at the trial and sentencing hearing;
2. The pre-sentence report;
3. The principles of sentencing and arguments as to sentencing alternatives;
4. The nature and characteristics of the criminal conduct involved;
5. Evidence and information offered by the parties on the mitigating and enhancement factors in Tenn.Code Ann. §§ 40–35–110 and 40–35–111;

and

6. Any statement the defendant wishes to make in his own behalf about sentencing. (*See generally,* Tenn.Code Ann. § 40–35–210).

Once the applicable range has been determined, the court must then impose a determinate sentence within that range. The record supports the findings of the trial judge as to enhancement and mitigating factors. The weight accorded enhancement or mitigating factors is determined by balancing relative degrees of culpability within the totality of the circumstances of the case involved. *State v. Moss,* 727 S.W. 2d 229 (Tenn.1986).

We have conducted a *de novo* review on the record, have weighed both enhancement and mitigating factors, have considered the evidence adduced at both trial and sentencing hearing, and have evaluated the nature of the criminal conduct involved. We find that a sentence of fifty years is appropriate. Such sentence is "... no greater than that deserved for the offense committed," Tenn.Code Ann. § 40–35–103(2); it is "... the least severe measure necessary to achieve the purposes for which the sentence is imposed," Tenn. Code Ann. § 40–35–103(4); and in the opinion of this Court, it is a sentence which is in proportion to the seriousness of the offense.

The record contains no reversible error. The judgment is affirmed.

BYERS and SCOTT, JJ., concur.