STATE of Tennessee, Appellee,

v.

Samuel Lewis WEST, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 28, 1992.

Nancy Preslar, Bobby Lee Hill, Chattanooga, for appellant.

Charles W. Burson, Atty. Gen., and John B. Nisbet, III, Asst. Atty. Gen., Nashville, Gary D. Gerbitz, Dist. Atty. Gen., and Bates W. Bryan, Jr., Rebecca Stern and Rodney C. Strong, Asst. Dist. Attys. Gen., Chattanooga, for appellee.

## OPINION

BYERS, Presiding Judge.

The appellant was convicted of second-degree murder and sentenced to serve eighteen years in the state penitentiary.

The issues raised are:

I. The evidence was not sufficient to convict the appellant of murder in the second degree.

II. The court erred in refusing to allow the defense to offer proof about the cocaine level in the victim's blood.

III. The court erred in refusing to allow the appellant to introduce proof regarding the victim's prior convictions for disorderly conduct.

IV. It was error for the court to allow the testimony of a witness that the state

failed to disclose to the appellant or to list on the indictment.

The judgment is reversed and the case is remanded for a new trial.

The bulk of the evidence consisted of the appellant's statement, the testimony of the appellant and the testimony of a friend of the appellant. Other testimony gave some contradiction to the testimony of the appellant and his friend.

According to the appellant, he and his friend were walking down the street and were approached by the victim, Leslie Montgomery. At the time, the appellant said, he was holding some money in his hand, and Montgomery asked him to enter into a drug deal. According to the appellant, Montgomery grabbed some of the appellant's money and refused to return it.

The appellant says when he insisted that the money be returned, Montgomery refused. The appellant says he fired a warning shot past Montgomery with a pistol he was carrying, then Montgomery put his hand in his pocket. The appellant thought Montgomery was going to kill him. He then shot Montgomery twice and left the area. The appellant went to north Chattanooga, a considerable distance from his home and the scene of the shooting. On the way to north Chattanooga, the appellant threw the pistol into a river.

The other witnesses gave testimony similar to that of the appellant, and we do not deem it necessary to recite this testimony.

The police were called to the scene and conducted a search of the body of Montgomery and of the area surrounding the shooting. No money was found on or around Montgomery's body, nor was a weapon found on or about the body.

■ The appellant insists the state has failed to show the shooting of Montgomery was done with malice. Conversely, this argument also claims self-defense or justified homicide.

Whether there was a malicious shooting was for the jury to determine from the facts and circumstances surrounding the killing. We conclude the evidence which shows the appellant left the area of the shooting and the area of his home and threw the gun into the river could be considered by the jury in determining whether to accept the innocent slant placed upon the matter by the appellant. Of more significance, we think, is the evidence which showed no money and no weapon were found on or about the deceased. This was a significant basis upon which the jury could reject the appellant's theory and find the killing was malicious. We conclude, therefore, there was sufficient evidence upon which the jury could find guilt beyond a reasonable doubt.

■ The appellant was not entitled to show the deceased had a blood cocaine level of 0.1 micrograms per milliliter.

The appellant wished to show this as a basis for his claim that the deceased was acting in a manner which compelled the appellant to shoot him. The witness through whom the appellant wished to show what effect the level of cocaine found in the deceased would have had on him testified there was a variety of reactions which could occur, but could not testify as to the effect it would have on the deceased, apparently because different individuals have different reactions to cocaine. The evidence thus sought was inadmissible because it would have been merely speculative. The evidence had no probative value.

■ The appellant was not entitled to introduce proof of prior disorderly conduct convictions of the deceased to establish a character trait under the provisions of Rule 404(a)(2), Tenn.R.Evid. The appellant wished to show this to support his claim of self-defense. The appellant never showed he knew of any prior violent acts of the deceased, which would have stirred him to fear the deceased. In the absence of this, such proof is not admissible. *See Williams v. State*, 565 S.W.2d 503 (Tenn. 1978). Rule 404(a)(2) did not change this requirement.

■ The appellant has a significantly stronger argument concerning the rebuttal witness called by the state.

It appears the district attorney general's office became aware of a potential eye-witness sometime prior to the trial of this case. The state did not reveal the existence of this witness to the appellant. It appears this witness was not located by any official investigation. The witness apparently "came forward" long after the shooting. The appellant was not made aware of this witness until the state called her as a rebuttal witness.

■ When it was announced that this witness would be called, the appellant objected to her being called. The trial judge overruled the objection because he was informed by the state that this was a rebuttal witness. As the trial judge stated after the testimony and the renewal of the appellant's objection, this was not a rebuttal witness. Whether a witness is a rebuttal witness is not determined by the order in which he or she is called. This determination is based upon the content of the evidence offered.

The evidence given by the witness was proof-in-chief, and should have been so presented.

The state says the failure to endorse the witness's name on the indictment is directory only and not required, *State v. Gilbert*, 612 S.W.2d 188 (Tenn.Crim.App.1980), and further says the failure is not a sufficient reason to grant a new trial unless prejudice is shown, *State v. Morris*, 750 S.W.2d 746 (Tenn.Crim.App.1987).

Although we agree with the above holdings, these matters must be viewed with the facts in the case at hand and the circumstances surrounding the calling of the witness.

The state has an obligation to proceed within the context of the applicable norms of a level-handed prosecution. The record is devoid of any reason why the state, being aware of the witness well before trial, did not reveal the name of the witness to the appellant. Further, we must wonder why the state would present this witness as a rebuttal witness when the testimony was not rebuttal. This woman was an eyewitness with a story to tell. It was a story which showed the appellant, for no cause, shot the deceased.

■ The state's further argument, that no prejudice is shown, is also without merit.

The only defense presented by the appellant was one of self-defense. This witness's testimony showed an unprovoked shooting by the appellant. In fact, this witness made a stronger case for the state than any other witness presented.

We cannot conclude this did not affect the outcome of this case, and we therefore hold the action of the state was prejudicial error, which entitles the appellant to a new trial.

SCOTT and WADE, JJ., concur.