**STATE of Tennessee, Appellee,**

v.

**Allan JENKINS, Jr., Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

May 6, 1993.

Gregory D. Smith, Clarksville, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Kimbra R. Spann, Asst. Atty. Gen., Nashville, Patrick H. McCutchen, Dist. Atty. Gen., Charles Bush, Asst. Dist. Atty. Gen., Clarksville, for State.

*OPINION*

WILLIAM M. DENDER, Special Judge.

The defendant, Allan Jenkins, Jr., a sixteen year old juvenile on the date of the alleged crime, was indicted and tried in July, 1991, for first degree murder in the shooting death of Steven Hardy. On June 19, 1991, the defendant moved the Court to order the State to provide defendant or his counsel with "any oral statement made by the defendant, whether before or after arrest in response to interrogation by any person then known to the defendant to be a law enforcement officer, which the State of Tennessee intends to offer in evidence at the trial of this cause on the merits." An order was entered by the Court on July 11, 1991, granting, among other things, defendant's "motion to produce all Defendant statements within 72 hours of the jury trial set for July 15, 1991." Defendant did not testify in that trial, and the jury "hung" between acquittal and voluntary manslaughter.

The defendant was tried again for first degree murder in October, 1991. The defendant testified in his own defense, and the State was allowed, over the objection of the defendant, to introduce an oral statement made by the defendant to Bill Poor, a Sergeant with the Clarksville Police Department, Detective Division, while the officer was transporting the juvenile defendant to a juvenile detention center, as rebuttal evidence. The officer testified "There was a general conversation going on, just like I do when I transport any juvenile to a detention facility, and during this conversation, I had the occasion to ask Mr. Jenkins—why he shot the young man, and his statement to me was—that he got in my face." The State had been aware of this conversation for a long period of time, but neither the defendant nor his counsel was ever advised of the oral statement of the defendant until after the defendant had testified. The officer could not recall the date, the other person with him in the patrol car, the time of day, or the season of the year; but he did remember that he started the general conversation and that he did know the basic rules of interviewing or interrogating juveniles.

■ The defendant alleges three issues in his appeal, paraphrased as follows: (1) That the trial court erred in allowing the oral statement of defendant to be used as rebuttal evidence when the statement had been intentionally suppressed by the State in violation of defendant's discovery motion and the order of the court thereon. (2) That the trial court erred in allowing as rebuttal evidence a statement illegally obtained in violation of the VIth and XIVth Amendments to the Constitution of the United States and Article I, Sections 8 and 9, of the Tennessee Constitution. (3) That the trial court erred in allowing as rebuttal evidence a statement illegally obtained in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and *Pennsylvania v. Richie*, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987).

We are of the opinion that the first issue is valid and that the Court was in error in allowing this oral statement of the defendant to be introduced into evidence.

This matter is governed by Rule 16(a)(1)(A), Tenn.R.Crim.P., and that rule was clearly interpreted by this Court in a case arising out of the same judicial district as the present case. In *State v. Balthrop*, 752 S.W.2d 104 (Tenn.Crim.App.1988), our court considered this very issue:

> Rule 16(a)(1)(A), Tenn.R.Crim.P., requires the state to reveal the substance of any oral statement made by an accused in response to an officer's interrogation if it is intended to be used in evidence. The state says this rule is not applicable in this case because they do not have to reveal rebuttal evidence on discovery. We do not agree with this proposition.
>
> The rule makes no exception for statements to be used in rebuttal, and to hold that it does would greatly diminish the value of the rule.

*Id.* at 107.

There is no doubt in our minds that the statement was made in response to an improper interrogation by a police officer, and that the defense was prejudiced in its preparation for trial by the failure of the State to reveal the oral statement in response to the defendant's discovery motion and the order of the Court. The State admitted that the statement was illegally taken and would not be admissible in the State's case in chief.

We do not need to discuss the second and third issues.

■ Defendant urges us to hold that the prior testimony of defendant at the October, 1991 trial cannot be used in the retrial of this case unless defendant testifies, and cites *State v. West*, 825 S.W.2d 695, 698 (Tenn.Crim.App.1992) which says, "The State has an obligation to proceed within the context of the applicable norms of a level-handed prosecution." We agree that the State must proceed in such a manner; and we hold, when the State withholds a material statement of the defendant in violation of a discovery order, it is revers-

ible error to allow the use of such statement to rebut defendant's testimony, and we further hold the State is barred from using defendant's testimony in the former trial as part of its case-in-chief at the retrial. To hold otherwise would be manifestly unfair to the defendant, and would allow the State to gain an advantage by its violation of the Rules of Criminal Procedure and the specific order of the court.

Accordingly, the judgment is reversed and the case is remanded to the trial court for a new trial.

WADE and TIPTON, JJ., concur.