IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1998 SESSION



FILED

December 11, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 01C01-9712-CC-00572 |
| Appellee, | ) | |
| | ) | Bedford County |
| v. | ) | |
| | ) | Honorable Charles Lee, Judge |
| JOHN WILLIE STONE, | ) | |
| | ) | (Aggravated Burglary; Theft over $1,000) |
| Appellant. | ) | |

FOR THE APPELLANT:

Andrew Jackson Dearing, III
P. O. Box 761
Shelbyville, TN 37162

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue North
Nashville, TN 37243-0493

Daryl J. Brand
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

William M. McCown
District Attorney General
215 East College
Fayetteville, TN 37334-0878

Robert G. Crigler
Assistant District Attorney General
215 East College
Fayetteville, TN 37334-0878

OPINION FILED: _____

AFFIRMED

L. T. LAFFERTY, SENIOR JUDGE

## OPINION

The appellant, John Willie Stone, referred herein as the defendant, appeals as of right from a judgment entered by the Bedford County Criminal Court as a result of a jury finding him guilty of aggravated burglary and theft of property over $1,000. Following a sentencing hearing, the trial court imposed Range II sentences of ten years for the aggravated burglary and eight years for the theft conviction to be served concurrently in the Department of Correction. These sentences were ordered to run consecutively to Bedford County Circuit Cause No. 12810. The defendant raises three issues for appellate review:

1. Whether the evidence adduced at trial was sufficient as a matter of law to sustain the verdict of guilty beyond a reasonable doubt for the conviction of aggravated burglary and theft of property over $1,000.

2. Whether the trial court erred in denying the defendant's motion for judgment of acquittal at the close of the state's proof.

3. Whether the trial court erred in allowing the defendant's statement to be introduced in trial numbers 2 and 3.

After a review of the entire record, briefs of all parties, and the applicable law, we affirm the trial court's judgment.

## BACKGROUND

In Cause No. 13992, the Bedford County grand jury indicted the defendant and Alexander Guy Lester for the aggravated burglary of the residence of Keith White on July 19, 1996 and for the theft of a Quasar color TV, Quasar VCR, and assorted jewelry over the value $1,000. The defendant, alone, went to trial on December 13, 1996, which resulted in a hung jury. In a second trial on June 24, 1997, the jury could not reach an agreement on the accusations against the defendant. After a third jury trial on August 12, 1997, the defendant was found guilty of aggravated burglary and theft of property. Since the defendant alleges an insufficiency of evidence error, we set forth the salient facts considered by the jury.

2

Donald Keith White and wife, Angela White, lived at 998 Old Nashville Dirt Road in Bedford County. Both Mr. and Mrs. White worked afternoon shifts. On July 19, 1996 at 1:15 a.m., Mr. White arrived home from work and discovered his home had been burglarized. A TV, VCR, satellite receiver, and several pieces of jewelry were missing. Mr. White found a rear window broken out and called the sheriff's department. The victim estimated the value of the TV, VCR, receiver, and assorted jewelry to be well over $1,000. The burglary occurred between 2:30 p.m. on July 18, 1996 and 1:00 a.m. on July 19, 1996.

Mrs. Angela White arrived home from work at approximately 1:00 a.m. on July 19, 1996 and noticed all the lights were on in the house. Mrs. White found a rear window had been broken. The house had been ransacked, and a TV, VCR, satellite receiver, jewelry, and a bedsheet were missing. Mrs. White gave Deputy Sheriff George C. Marsh a list of the stolen property. Later that day, the sheriff's department returned the TV, a remote control, the receiver, and one bedsheet to the Whites.

The deposition of James Ewing Rhodes was read to the jury. In his deposition, Mr. Rhodes testified he was the owner of Blanton Wrecker Service, and he received a phone call in the early morning hours of July 19, 1996 from Alex Lester. Lester informed Rhodes that he had had an accident at a bridge at the L. Bethel and Old Nashville Dirt Road intersection. As Rhodes was driving to the accident site, he observed a man walking, alone approximately one mile from the site. The man did not have on a shirt. Rhodes could not identify the man. Rhodes towed Lester's car to his storage lot. About 4:00 a.m., law enforcement officers arrived with a search warrant to search the car. Rhodes did not see a TV or any jewelry in the car.

The co-defendant and accomplice, Alexander Guy Lester, testified for the state. Lester testified he met the defendant at Grable Van Lines where they both worked. Lester and the defendant became friends and usually had beer together after work. On the day in question, both men got off work at 3:00 p.m. and began drinking beer. Between 3:00 p.m. on July 18 and 4:00 a.m. on July 19, Lester and the defendant each drank a twelve-

3

pack. After going to Murfreesboro, Lester and the defendant returned to Bedford County and turned onto Old Nashville Dirt Road. Because they had run out of money, the defendant suggested they rob a house. Lester dropped the defendant off at a house and then proceeded to drive up and down the road. Upon Lester's return, he did not see the defendant so he pulled into the driveway adjacent to the house. Lester went to the back door and knocked. The defendant let Lester inside.

Lester testified he took the TV and VCR and placed them on the back steps. The defendant got the satellite receiver and put it beside the back door. While the defendant was in the bedroom, Lester put the TV and VCR in the trunk of his car. The defendant came out with the satellite receiver and they both left. Because Lester was driving too fast, without headlights, he missed a corner and slid down into a creek. Both men struck their foreheads on the windshield. The defendant left on foot, and Lester walked to a nearby house and called for a wrecker. However, the police arrived first and arrested him for DUI. After being questioned by the sheriff's department, Lester admitted he and the defendant "robbed the house." Lester denied entering into any type of deal with the police when he was questioned. Lester testified he pled guilty to DUI and aggravated burglary and received a 120-day jail sentence and four years probation. While Lester and the defendant were riding around drinking, Lester stole some fishing rods and reels in Coffee County while the defendant was asleep. These theft charges were dismissed as part of Lester's plea agreement. After the accident, Lester threw the "stuff" from his car into the creek.

Dale Elliott, chief deputy sheriff for Bedford County, testified a man found a satellite receiver at the site of an accident and brought it to the sheriff's department. Chief Deputy Elliott went to the accident site where he found a 19-inch Quasar TV in the water. Deputy Elliott returned to search the site the following morning, but did not find any jewelry. Deputy Elliott determined the recovered property came from the burglary of the Whites' residence.

Robert Filer, detective sergeant with the sheriff's department, testified he assisted

4

Deputy Elliott in recovering a Quasar TV at the wreck site. Sergeant Filer obtained a search warrant for the vehicle of Alex Lester. During the search, Sergeant Filer recovered a Quasar remote control and a unique patterned bedsheet from the car's floorboard. No jewelry was found.

After a search of Lester's car, Detective David Adams, accompanied by other officers, went to Lester's home. Detective Adams advised Lester of his rights and Lester confessed his part in the burglary. Lester implicated the defendant in the burglary. Detective Adams told Lester if he cooperated with the officers, they would inform the district attorney's office of his cooperation.

Steve Elliott, captain detective with the sheriff's department, testified he interviewed the defendant. The defendant admitted being with Alex Lester on July 18 and 19. They had been riding around drinking, including going to Murfreesboro and back. The defendant admitted they had been in an accident and he left walking, not wanting to get into trouble. The defendant denied any knowledge of a burglary.

The defendant elected not to testify or offer any proof.

## LEGAL ANALYSIS

Since the defendant complains the evidence is insufficient to sustain a verdict of guilty of aggravated burglary and theft of property and that the trial court erred in denying his motion for a judgment of acquittal at the conclusion of the state's proof, we will address both issues.

When reviewing a trial court's judgment, the appellate court will not disturb a verdict of guilty unless the facts in the record and inferences which may be drawn from it are sufficient as a matter of law for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. Tenn. R. App. P. 13 (e); *State v. Tuggle,* 639 S.W.2d 913 (Tenn.

5

1982); *State v. Brewer,* 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Initially, a defendant is cloaked with the presumption of innocence. *Tuggle,* 639 S.W.2d at 914. However, a jury conviction removes the presumption of innocence and replaces it with one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is insufficient. *Id.* In determining the sufficiency of evidence, this Court does not reweigh or reevaluate the evidence. *State v. Cabbage,* 571 S.W.2d 832, 835 (Tenn. 1978). On appeal, the State is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. *State v. Harris,* 839 S.W.2d 54, 75 (Tenn. 1992). It is the appellate court's duty to affirm the conviction if the evidence viewed under these standards was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *State v. Cazes,* 875 S.W.2d 253, 259 (Tenn. 1994). This rule is applicable to findings of guilt predicated upon the direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *State v. Matthews,* 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

As part of his argument, the defendant contends the record is devoid of any evidence establishing his complicity in the burglary and the proof fails to meet the corroboration of the accomplice, Alex Lester. First, we address the sufficiency of the corroborating evidence of the accomplice. A conviction may not be based solely upon the uncorroborated testimony of an accomplice. *State v. Maddox,* 957 S.W.2d 547, 554 (Tenn. Crim. App. 1997). In *State v. Bigbee,* 885 S.W.2d 797, 803 (Tenn. 1994), our supreme court reiterated the rule relating to corroboration of accomplice testimony:

> There must be some fact testified to, entirely independent of the accomplice's testimony, which, taken by itself, leads to the inference, not only that a crime has been committed, but also that the defendant is implicated in it; and this independent corroborative testimony must also include some fact establishing the defendant's identity. This corroborative evidence may be direct or entirely circumstantial, and it need not be adequate, in and of itself, to support a conviction; it is sufficient to meet the requirements of the rule if it fairly and legitimately tends to connect the defendant with the commission of the crime charged.

6

*Id.* at 803 (quoting *State v. Gaylor,* 862 S.W.2d 546, 552 (Tenn. Crim. App. 1992).

The corroboration is sufficient "if this evidence, of itself, tends to connect the defendant with the commission of the offense, although the evidence be slight and entitled, when standing alone, to little consideration." *State v. Green,* 915 S.W.2d 827, 831 (Tenn. Crim. App. 1995). Furthermore, the jury is to determine the degree of evidence necessary to corroborate the testimony of an accomplice. *State v. Chris Billingsley,* No. 01C01-9506-CC-00166, 1996 LEXIS 304 (Tenn. Crim. App., Nashville, May 16, 1996).

From the facts in this record, there is sufficient evidence to corroborate the testimony of Alex Lester. The proof amply reflects an aggravated burglary and theft occurred at the Whites' home. A TV, VCR, satellite receiver, jewelry, and a bedsheet were taken. The sheriff's office corroborated the accomplice's statements by finding the TV in the creek water. James Rhodes, the tow truck driver, corroborated the defendant's statement he was walking from the scene of the accomplice's accident. The sheriff found the Quasar remote control and a bedsheet taken from the victim's bedroom in the accomplice's car. The defendant, through his statement, admitted being with the accomplice at or about the time of the burglary, but denied any involvement. There is sufficient corroborating evidence of the accomplice's testimony to support the defendant's convictions.

We further find the trial court did not err in denying the defendant's motion for a judgment of acquittal. At the close of the state's proof, the defendant requested a motion for judgment of acquittal. The trial court denied the motion on the basis the proof was an obvious jury question and the state met the slight corroboration burden. At the point the motion is made, the trial court must favor the state with the strongest legitimate view of the evidence, including all reasonable inferences, and discard any countervailing evidence. *State v. Anderson,* 880 S.W.2d 720 (Tenn. Crim. App.) *per. app. denied* (Tenn. 1994). There is no merit to this issue.

7

The defendant complains the trial court was in error for permitting the state to introduce his written statement in the third trial. Apparently, in the first trial, the state failed to disclose a statement made by the defendant to Captain Steve Elliott and the state elected not to introduce this statement. In the third trial, Captain Steve Elliott testified regarding what the defendant stated about being with the accomplice on the night of July 18 and the early morning hours of July 19. However, after a thorough review of the record, the defendant made no objection to Captain Elliott's testimony regarding the substance of the defendant's statement in this trial. Since the defendant raised this issue in his motion for a new trial, we will address this issue.

We believe the defendant's reliance on *State v. West,* 825 S.W.2d 695, 696 (Tenn. Crim. App. 1992) is misplaced. In *West,* the state failed to disclose a factual witness to a homicide upon a demand for discovery of all state witnesses. Since discovery rules were not followed, the conviction was reversed. However, in this case, the defendant was on notice, through the two remaining trials, that the state would seek to introduce the defendant's statement. The defendant has failed to cite any case law restricting the use of such evidence in a retrial where the defendant is on notice the state has such evidence. We believe the unobjected admission of this statement at the defendant's third trial was proper. There is no merit to this issue.

_____
L. T. LAFFERTY, SENIOR JUDGE

CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
JOE G. RILEY, JUDGE

8