IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 25, 2001

## STATE OF TENNESSEE v. JIMMY JOE RITTENBERRY

**Direct Appeal from the Criminal Court for Anderson County
No. 98CR0280     James B. Scott, Jr., Judge**

---

**No. E2000-02722-CCA-R3-CD
November 20, 2001**

---

The defendant was convicted by a jury on one count of sale of marijuana, a Class E felony, and one count of possession of cocaine, a Class A misdemeanor. In this appeal, the defendant contends (1) the evidence is insufficient to sustain the sale of marijuana conviction; (2) the trial court erroneously admitted rebuttal testimony regarding an undisclosed, out-of-court statement made by the defendant; and (3) the trial court failed to instruct the jury on simple possession of marijuana as a lesser-included offense. After a thorough review of the record, we conclude (1) the evidence is sufficient to sustain the convictions; (2) the failure of the state to disclose the out-of-court statement made during the defendant's interrogation violated Tenn. R. Crim. P. 16(a)(1)(A); and (3) the trial court erroneously failed to instruct the jury on simple possession of marijuana as a lesser-included offense. The conviction for sale of marijuana is reversed; the conviction for possession of cocaine is affirmed; and this matter is remanded for a new trial on the sale of marijuana.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed in Part;
Affirmed in Part; and Remanded.**

JOE G. RILEY, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

J. Thomas Marshall, Jr., District Public Defender, for the appellant, Jimmy Joe Rittenberry.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; James N. Ramsey, District Attorney General; and Jan Hicks, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL BACKGROUND

James White agreed to become a police informant after officers found marijuana plants growing at his residence. White notified officers he could "buy some [drugs] from [the defendant]." With the assistance of White, officers initiated a controlled buy from the defendant, from which these charges arose.

## TRIAL TESTIMONY

Suzannah Cooper, an Anderson County Deputy Sheriff, testified she assisted in the organized drug buy on May 29, 1998. After arriving that day at the drug office, she searched White and White's vehicle, finding no weapons or drugs. White was equipped with a hidden "wire" and given currency, consisting of two $50 bills and one $100 bill. White drove his truck, and Cooper sat to his immediate right. They arrived at the prearranged site, a grocery parking lot, and waited for the defendant's arrival.

The defendant arrived in his vehicle, circled the parking lot, and parked immediately beside White's truck. At that point, White exited the truck and walked to the defendant's driver's window. Cooper stated she observed the two converse momentarily; White handed the defendant money with one hand; and the defendant, simultaneously, handed White a baggy containing what later tested to be 25 grams of marijuana. Cooper stated she observed White with the bag in his hand. Immediately, the supporting officers initiated an arrest of the defendant and mock arrests of Cooper and White in order to conceal their identities.

Deputy Alan Gromstorm was present at the scene. Gromstorm testified he pulled the defendant out of his vehicle, forced him on the ground, and handcuffed him. When Gromstrom rolled the defendant over, he saw the money on the ground. Gromstorm then searched the defendant's vehicle and found cocaine located in a cigarette package inside the vehicle's console. The cocaine was subsequently determined to weigh 0.3 grams.

Deputy Gromstorm further testified that following the defendant's arrest, the defendant was transported to the drug enforcement office for the purpose of securing his cooperation in future drug enforcement efforts. There, the defendant signed a statement written by Gromstorm, which was read into the record as follows:

> After being arrested for selling an ounce of marijuana to a subject in Hensley's parking lot this date approximately at 5:00 p.m. and then deputies finding a half of gram of cocaine, I talked to Deputy Gronstrom after he read my rights to me, which I understood and have agreed to work with Anderson County Sheriff's Office Drug

Enforcement Unit as an informant. I am aware that the charges I was arrested on can be brought up to the Grand Jury and I can be indicted. I realize that no promises have been made to me and that no coercion was used to make me decide to work with the Drug Enforcement Unit. I find no harm in being arrested, taken into custody and then being released without being charged. I am not intoxicated or under the influence of drugs. Written by Alan Gronstrom for Jimmy Joe Rittenberry per his request.

The defendant was then released from police custody.

Sergeant Thurman Baird of the Anderson County Sheriff's Department also assisted in the controlled buy. Following the defendant's arrest, he found the marijuana which Deputy Cooper identified as that which was handed to White. Baird stated he found the marijuana located in "a factory molded type tray that is inside the door of the panel of the vehicle," and it was "laying in the tray there, on top."

White did not testify, and his whereabouts were unknown at the time of trial.

The defendant testified he was White's friend and mechanic. He stated he worked on White's truck on Tuesday prior to his arrest. White informed the defendant he was unable to pay him until he was paid on the following Friday. Subsequently, they agreed to meet on Friday at the grocery store in order for White to pay the defendant for the work, which totaled $160. The defendant testified that when he arrived, White showed him the money, and officers immediately initiated the arrest. The defendant testified he neither handed marijuana to White nor met him with the intention of selling marijuana.

In rebuttal, Deputy Gronstrom testified over objection that during the interview subsequent to the defendant's arrest, the defendant "told [him] he went there to sell that package of marijuana to another subject."

## I. SUFFICIENCY OF THE EVIDENCE

The defendant contends the evidence is insufficient to sustain his conviction for sale of marijuana.[1] We respectfully disagree.

---

[1]The defendant does not challenge his conviction for simple possession of cocaine. However, we conclude the evidence is sufficient to sustain this conviction.

## A. Standard of Review

When an accused challenges the sufficiency of the evidence, this court must review the record to determine if the evidence adduced during the trial was sufficient "to support the findings by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence or a combination of direct and circumstantial evidence. State v. Brewer, 932 S.W.2d 1,18 (Tenn. Crim. App.1996).

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn.1978). This court is required to afford the state the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App.1995).

## B. Analysis

Deputy Cooper testified she saw the defendant hand a baggy containing a green leafy substance to White in exchange for money and saw White actually holding the bag just before officers moved in for the arrest. The substance was found "laying in the [door] tray" of the defendant's vehicle. The substance was later chemically analyzed and identified as 25 grams of marijuana. Although the defendant testified he did not sell marijuana to White, it was within the jury's province to determine credibility. State v. Oody, 823 S.W.2d 554, 558 (Tenn. Crim. App. 1991) (the credibility of the witnesses is entrusted to the sound discretion of the jury as the trier of fact). The evidence was more than sufficient to support the conviction.

## II. DEFENDANT'S STATEMENT

The defendant challenges the admission of his statement, offered as rebuttal testimony, that "he went there to sell that package of marijuana to another subject," claiming it was improper rebuttal testimony; it was not provided to him through pretrial discovery; and the statement was involuntary. We conclude the oral statement was admitted in violation of the discovery rule, and the failure of the state to furnish it was prejudicial to defendant.

## A. Improper Rebuttal Testimony

The defendant testified on direct examination that he did not go to the parking lot for the purpose of selling marijuana. The testimony of the officer directly contradicted defendant's testimony. Rebuttal testimony is that which explains or controverts other evidence. Cozzolino v. State, 584 S.W.2d 765, 768 (Tenn. 1979). Defendant's contention that this was not proper rebuttal is without merit.

## B. Discovery Violation

Tenn. R. Crim. P. 16(a)(1)(A) states:

Upon request of a defendant the State shall permit the defendant to inspect and copy or photograph: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the State, the existence of which is known, or by the exercise of due diligence may become known, to the district attorney general; *the substance of any oral statement which the State intends to offer in evidence at the trial made by the defendant whether before or after arrest in response to interrogations by any person then known to the defendant to be a law enforcement officer . . . .*

(Emphasis added).

The state is required to reveal the substance of any oral statement made by an accused in response to an officer's interrogation if it is intended to be used in either its case-in-chief or rebuttal. State v. Jenkins, 859 S.W.2d 364, 365 (Tenn. Crim. App. 1993); State v. Balthrop, 752 S.W.2d 104, 107 (Tenn. Crim. App. 1988). To necessitate a reversal due to a discovery violation, the defendant must prove prejudice. *See* State v. Payne, 791 S.W.2d 10, 16 (Tenn. 1990), *aff'd*, 501 U.S. 808, 111 S. Ct. 2597, 115 L. Ed. 2d 720 (1991).

The defendant made a timely request for any written, recorded, or oral statements made by the defendant pursuant to Rule 16. The state provided the defendant with the written statement signed by him, but failed to provide the substance of the oral admission of the defendant; namely, that he went to the parking lot to sell marijuana to White.

The written statement and oral statement were markedly different. Although the written statement conceded the defendant had been arrested, it did not directly inculpate the defendant. The oral statement, on the other hand, was a direct admission. Accordingly, we conclude the defendant was not provided "the substance of [his] oral statement" in his discovery request, as required by Tenn. R. Crim. P. 16(a)(1)(A).

Furthermore, we conclude the state's failure to provide the defendant with the substance of his oral statement was prejudicial. Defendant filed a pre-trial motion to suppress the written statement but subsequently withdrew it, believing it was not incriminatory. When the trial court indicated at trial that the undisclosed oral statement would be admissible, defendant twice moved for a suppression hearing, alleging the statement was involuntary. This was the first opportunity the defendant had to suppress this statement since he was unaware of it until after the defendant testified at trial. The trial court did not conduct a suppression hearing, and the officer's testimony immediately followed. We do not know whether the request to suppress had merit since no hearing was allowed.

For these reasons, we conclude the failure of the state to disclose pre-trial the substance of the oral statement was a violation of Rule 16(a)(1)(A), and the defendant was prejudiced by not being allowed to pursue a motion to suppress.[2]

### III.  LESSER-INCLUDED OFFENSE

The defendant alleges the trial court erroneously failed to instruct the jury on the lesser-included offense of simple possession of marijuana.  We agree and find the omission was not harmless beyond a reasonable doubt.

### B.  Burns Analysis

Simple possession of a controlled substance is a lesser-included offense of the sale of a controlled substance under part (a) of the Burns test.  *See* State v. Burns, 6 S.W.3d 453, 466 (Tenn. 1999); State v. Curtis Emery Duke, No. M2000-00350-CCA-R3-CD, 2001 WL 252080, at *4 (Tenn. Crim. App. filed Mar. 14, 2001, at Nashville) *perm. to app. pending* (concluding simple possession of cocaine is a lesser-included offense of sale of cocaine).

Our analysis, however, must not conclude there for we must now conduct a two-part inquiry to determine if the trial court should have instructed the jury on this lesser-included offense.  Burns, 6 S.W.3d at 468.  First, we must determine "whether any evidence exists that reasonable minds could accept as to the lesser-included offense . . . [viewing the evidence] liberally in the light most favorable to the existence of the lesser-included offense without making any judgments on the credibility of such evidence." *Id.* at 469.  Next, we must determine "if the evidence, viewed in this light, is legally sufficient to support a conviction for the lesser-included offense." *Id.*

Deputy Cooper testified she saw the defendant hand White the marijuana while White handed the defendant money.  However, the defendant testified he never transferred marijuana to White, but instead, only received payment for repairs he made to White's vehicle.  Furthermore, the marijuana was found inside of the defendant's vehicle following his arrest.  Clearly, reasonable minds could accept the lesser-included offense, and the evidence was legally sufficient to sustain a conviction for simple possession.  Accordingly, the trial court erroneously neglected to charge the jury on simple possession.

### B.  Harmless Error

Although we have concluded the trial court erroneously neglected to charge the jury on simple possession of marijuana, we must now determine if the failure was harmless beyond a

---

[2]This error has no significance as it relates to the conviction for possession of cocaine.  We affirm that conviction.

reasonable doubt. Our state supreme court has applied the harmless error doctrine where the jury was instructed on at least one higher lesser-included offense, and the jury, nevertheless, convicted on the greater offense. State v. Williams, 977 S.W.2d 101, 105 (Tenn. 1998); *see also* State v. Swindle, 30 S.W.3d 289, 294 (Tenn. 2000). Such harmless error must be established beyond a reasonable doubt. State v. Ely, 48 S.W.3d 710, 714 (Tenn. 2001).

In the instant case, the trial court charged the jury on the lesser-included offense of attempted sale of marijuana, a Class A misdemeanor, and the jury rejected this charge and found the defendant guilty of the greater offense of sale of marijuana, a Class E Felony. However, simple possession of marijuana and attempted sale of marijuana are both Class A misdemeanors, so the Williams harmless error analysis does not literally apply. Although it is arguable the jury would likewise have declined to convict on simple possession of marijuana, we are unable to reach this conclusion beyond a reasonable doubt in light of the facts and circumstances of this case. For these reasons, we are unable to conclude the error was harmless.

## CONCLUSION

We affirm the defendant's conviction for possession of cocaine, reverse his conviction for sale of marijuana, and remand for a new trial on the charge of sale of marijuana.

_____
JOE G. RILEY, JUDGE