CHATTANOOGA *v.* NEELY.

(*Knoxville.*    October 30, 1896.)

1. PLEADING AND PRACTICE.  *Statute of limitations pleaded after a continuance need not be sworn to.*

A plea of the statute of limitations filed after one or more continuances, does not fall within § 3619 (M. & V.) Code, requiring that "all pleas since the last continuance shall be sworn to," and need not, therefore, be sworn to.  This statute applies alone to pleas setting up defenses that have arisen since the original pleadings were filed.  (*Post, pp. 528, 529.*)

Code construed: § 4630 (S.); § 3619 (M. & V.); § 2909 (T. & S.).

2. STATUTE OF LIMITATIONS.  *One year bars.*

The action of a real estate owner against a city to recover damages caused by changing the grade of a street, is barred if not brought, as required by Acts 1891, Ch. 31, within one year after the completion or cessation of the works, acts, or improvements causing the damage.  Code, § 3470 (M. & V.), providing that "actions for injuries to personal or real property" shall be brought "within three years," has no application to cases of this character.  (*Post, pp. 529–532.*)

Code construed: § 4470 (S.); § 3470 (M. & V.); § 2773 (T. & S.).

Act construed: Acts 1891, Ch. 31.

3. STATUTES.  *Repeal by implication.*

Code, §§ 1665, 1666, 1667 (M. & V.), defining the liability of municipal corporations to real estate owners for damages caused by changing grades of streets, is superseded and repealed by implication by Acts 1891, Ch. 31, covering the same subject-matter and making more comprehensive provisions.  (*Post, pp. 529–532.*)

Code construed: §§ 1987, 1985, 1986 (S.); §§ 1665, 1666, 1667 (M. & V.); §§ 1394, 1392, 1393 (T. & S.).

Act construed: Acts 1891, Ch. 31.

Chattanooga *v.* Neely.

Cases cited and approved: Poe *v.* State, 85 Tenn., 495; The Druggists' Cases, 85 Tenn., 450; State *v.* Terrell, 86 Tenn., 523; Durham *v.* State, 89 Tenn., 728; State *v.* Butcher, 93 Tenn., 679.

FROM HAMILTON.

Appeal in error from Circuit Court of Hamilton County. JOHN A. MOON, J.

DANIELS & GARVIN for Chattanooga.

WHITE & MARTIN for Neely.

BEARD, J. This action was brought by Neely to recover damages from the plaintiff in error for a change of the grade of a street on which his property fronted.

At the appearance term, and subsequent to the filing of the declaration, the defendant put in a plea of the general issue. After the lapse of a term or two, over the objection of plaintiff below, the defendant was permitted to file a plea of the statute of limitations of one year. Upon the trial of the cause the jury returned a verdict of $1,500 for the plaintiff, upon which judgment was regularly entered. The Circuit Judge, declining to sustain a motion for new trial, the defendant below brought the case to this Court by appeal. As the judgment must be reversed, and the cause remanded, it is proper for

us to settle two contentions made by the defendant in error.

1. It is insisted that the trial Judge was in error in permitting the plea of the statute of limitations to be filed without being verified by an oath. It is assumed that this was required by the last clause of § 3619 of the (M. & V.) Code, which is as follows: "All pleas since the last continuance shall be sworn to." This contention is unsound. This clause refers to and is intended to embrace such pleas only as were known in the common law system of pleading as pleas *puis darrein continuance*, the codifiers using the English equivalent of the old French law terms. In that system these terms had a well-defined meaning, and they were applied to a pleading which set up some matter of defense that "had arisen after plea and before replication, or after issue joined." 1 Chitty on Pleading, *658. Such a defense as the one in question, existing at the commencement of the suit, and omitted by inadvertence in the original pleading, was not required to be made by such a plea at common law, nor is it necessary under our Code.

2. The second contention involves a question of statutory construction. In *Humes* v. *Mayor of Knoxville*, 1 Hum., 402, this Court held that a municipal corporation was the proprietor of its streets, holding them in trust for the convenience of the citizens, and as such proprietor, could grade or otherwise improve them at its pleasure, and that if,

13 P—34

in the exercise of this power, the property of any individual was rendered less valuable, it was *damnum absque injuria.* This decision was rendered in 1839, and the law so stood until the Legislature passed the Act found in Ch. 43 of the Acts of 1843–44, and carried into the Code (M. & V.), at §§ 1665, 1666, 1667. These sections are as follows:

"1665. The corporate authorities of any incorporated town or city, when applied to by an owner of real estate within the corporate limits of the same, who desires to improve his lot or build upon it, shall have the grade of the street or streets upon which the applicant proposes to build or make improvements established, that the applicant may construct his improvements so as to conform to the grade.

"1666. Said corporate authorities shall pay such applicant the full amount of any damages he may sustain in consequence of a subsequent change of the grade of such street or streets by said authorities.

"1667. Said corporate authorities shall also pay to any citizen who has made permanent and valuable improvements on his property, situated on a street or streets the grade of which said authorities have neglected to establish, any material damage he may sustain in consequence of any grade which they may subsequently establish."

It is insisted by Neely that this action is based on these sections, and, as they fix no period within which a suit must be brought for an injury arising

under them, that the only statute of limitation which would bar his claim is the general statute found in § 3470 of the (M. & V.) Code, which provides that "actions for injuries to personal or real property" must be brought "within three years" from the occurring of the cause of action. On the other hand, the contention of the plaintiff in error is that this action rests alone on Ch. 31, Sec. 1, of the Acts of 1891, which, by necessary implication, repealed these sections of the Code, and that such an action is barred, unless brought within one year "from the completion of or cessation of the work" complained of.

This Act is entitled "An Act to protect real estate owners whose lands are damaged by changing, repairing, improving, or working in or on any highway or tramway in any town or city in the State of Tennessee." By Section 1 of this Act it is provided "that, when any owner of real estate in any town or city in the State of Tennessee, shall sustain any damage to its property · by reason of any change made in the natural or established grade of any highway or tramway in any city or town in the State, or by reason of the raising or lowering of such grades, or other acts done for the purpose of improving or repairing such ways, the said owner shall be paid all damages therefor by such cities and towns within said State, which damage may be recovered before any Court of competent jurisdiction, at any time in one year from the comple-

tion of or cessation of such works, acts, or improvements.''

We think it clear that the Legislature in this Act intended to cover the entire subject of the alteration of the grade, whether natural or established, of streets, and of the injury consequent thereupon to the abutting property owner. It not only occupies the ground of the sections of the Code hereinbefore set out, but goes beyond them. While the protection of these is extended alone to the owner of real estate lying in an incorporated town or city, that afforded by this Act reaches to the ''owner of real estate in any town or city of the State,'' and gives him an action not only for injuries received in raising or lowering of the grade, but also for such as might occur from other acts done for the purpose of improving or repairing its streets. It is true there is no repugnancy between the earlier and this later statute, yet, we think it apparent that it was the intention of the Act of 1891 to supersede the provisions in question, and to furnish for the future, ''in itself alone, the whole and only system of statute law applicable to that subject'' (Black on the Inter. of Laws, 116), and that its necessary effect is an implied repeal of these sections of the (M. & V.) Code. This question, in its various phases, has been considered by this Court in *Poe* v. *State*, 1 Pick., 495; *The Druggists' Cases*, 1 Pick., 450; *State* v. *Terrell*, 2 Pick., 523; *Durham* v.

Chattanooga *v.* Neely.

*State*, 5 Pick., 728; *State* v. *Butcher*, 93 Tenn., 679, and need not be further discussed at this time.

The result is, that if maintainable at all, the action of defendant in error rests on this Act, and he must look alone to it for the period of time within which it must have been brought.

Cause is reversed and remanded.