GRANT H. HALEY *v.* THE STATE.*

(*Knoxville.* September Term, 1927.)

Opinion filed November 21, 1927.

1. CRIMINAL LAW. OBTAINING MONEY UNDER FALSE PRETENSES. BAD CHECK. MOTION IN ARREST OF JUDGMENT. ERROR.

Where the defendant is convicted for obtaining money under false pretenses, which is a felony, and the proof shows that he obtained the money on a check for a sum under $30 drawn by himself, which was protested for nonpayment, which is a misdemeanor, the trial court committed error in not sustaining a motion in arrest of judgment. (Post, p. 87.)

Citing: Shannon's Code, sec. 6568, 1917 Edition.

2. CRIMINAL LAW. FALSE PRETENSE. BAD CHECK. CONSTRUCTION OF STATUTE.

The bad check law covers the entire subject of obtaining money or other property by means of a check which is not paid and supersedes and repeals so much of the False Pretense Statute as deals with that subject. (Post, p. 88.)

Citing: Chapter 178, Acts of 1915.

3. STATUTES. CONSTRUCTION. LEGISLATIVE INTENT.

The legislative intent controls in the construction of a statute in determining whether a former statute is repealed by a later one. (Post, p. 89.)

Citing: Bennett v. The State, 10 Tenn. (2 Yerg.), 472; 25 R. C. L., 917.

4. STATUTES. CONSTRUCTION. REPEAL. LEGISLATIVE INTENT.

No principle of law is better settled than that a statute purporting to cover an entire subject repeals all former statutes upon the same subject, either with or without a repealing clause, and notwithstanding it may omit material provisions of the earlier statute. (Post, p. 89.)

*Implied repeal of statute from later statute covering whole subject, see 25 R. C. L., 915, et seq., 4 R. C. L. Supp., 1607; 5 R. C. L. Supp., 1352; 6 R. C. L. Supp., 1491.

Citing: Poe v. State, 85 Tenn. (1 Pick.), 495; Terrell v. State, 86 Tenn. (2 Pick.), 523; Rodemer v. Mitchell, 90 Tenn. (6 Pick.), 65; State v. Butcher, 93 Tenn. (9 Pick.), 679; Chattanooga v. Neeley, 97 Tenn. (13 Pick.), 527; Maxwell v. Stuart, 99 Tenn. (15 Pick.), 408; Zickler v. Union Bank & Trust Co., 104 Tenn. (20 Pick.), 277; Erwin v. State, 116 Tenn. (8 Cates), 71; Malone v. Williams, 118 Tenn. (10 Cates), 390; Balden v. State, 122 Tenn. (14 Cates), 704; Stonega Coke & Coal Co. v. Southern Steel Co., 123 Tenn. (15 Cates), 428; Hurt v. Y. & M. V. R. Co., 140 Tenn. .(13 Thomp.), 623; Hunter v. Harrison, 154 Tenn. (1 Smith), 590; 25 R. C. L., 915.

5. STATUTES. CONSTRUCTION. REPEAL. PENALTY.

A later statute which defines an offense described in an earlier statute repeals such earlier statute where the later statute changes the penalty.  (Post, p. 89.)

Citing: R. C. L., 930.

6. CRIMINAL LAW. CONFLICT OF STATUTES. FELONY AND MISDEMEANOR.

There cannot exist at the same time two statutes prohibiting the same wrong where they prescribe different degrees of punishment, and the accused cannot be convicted of a felony where the legislature by its latest expression has said specifically that for such offense he shall only be convicted of a misdemeanor.  (Post, p. 90.)

7. CRIMINAL LAW. INDICTMENT AND PRESENTMENT. LANGUAGE OF THE STATUTE. INSUFFICIENCY.

An indictment which in no wise conforms to the statute under which the defendant is charged is invalid.  (Post, p. 90.)

Citing: State v. Crockett, 137 Tenn. (10 Thomp.), 679.

8. CRIMINAL LAW. INDICTMENT AND PRESENTMENT. MOTION IN ARREST OF JUDGMENT.

Where a case is reversed by this court for error of the trial court failing to allow motion in arrest of judgment for the reasons herein stated, the defendant should be discharged.  (Post, p. 90.)

---

*Headnotes 1. False Pretenses, 25 C. J., section 1; 2. Statutes, 36 Cyc., p. 1072; 3. Statutes, 36 Cyc., p. 1078; 4. Statutes, 36 Cyc., p. 1095.

FROM KNOX.

Appeal from the Criminal Court of Knox County.—Hon. E. G. STOOKSBURY, Judge.

FRANK P. BOWEN, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Two cases heard together on indictments charging the plaintiff in error with obtaining money by false pretenses, the jury returning verdicts of guilty and fixing the punishment at three years in each case.

(1) The indictments were predicated upon section 6568 of Shannon's Annotated Code, which is as follows:

"Every person, who, by any false pretense, or by any false token or counterfeit letter, with intent to defraud another, obtains from any person any personal property, or the signature of any person to any written instrument, the false making of which is forgery, shall, on conviction, be imprisoned in the penitentiary not less than three nor more than ten years."

In the first case the indictment charged that the plaintiff in error drew a check on a named bank for $10 and procured J. S. Hall's Sons to cash same, and that he had no account at said bank and said check was protested for nonpayment.

In the second case the indictment charged that the plaintiff in error procured five dollars in the same manner from Nu Way Dry Cleaning Company.

The court committed error in not sustaining the motions to arrest the judgments in these cases.

*(2)* Assuming that the facts of these cases justified convictions under the False Pretense Statute, we are of the opinion that chapter 178 of the Acts of 1915 covered the entire subject-matter of fraudulently obtaining money or other property by means of a check which is not paid, and supersedes or repeals so much of the former act as deals with that subject.

The Act of 1915 is as follows:

"A BILL to be entitled, 'An Act making it unlawful for any person to obtain money or other property or credit by check, draft or order which is not paid by the drawee; and where the same is not refunded or restored by such person on written demand mailed to his last-known address; and making the fact of such person not having on deposit with the drawee such money or other property prima-facie evidence of said fraudulent intent.'

"SECTION 1. Be it enacted by the General Assembly of the State of Tennessee, That any person who shall obtain, with fraudulent intent, money or other property which may be subject of larceny, or who shall obtain credit with like intent, by means of a check, draft or order, of which he is the maker or drawer, which is not paid by the drawee, shall be guilty of a misdemeanor if the amount or value is thirty dollars or less, if the amount or value is more than thirty dollars he shall be guilty and punishable as in the case of larceny, of such money or other property, or of anything of value obtained on such credit, unless payment of such check, draft or order after giving seven days' written notice mailed to the drawer's last-known address, and the fact that such maker or drawer did not have on deposit or to his credit with the bank, person, firm or corporation upon which such check, draft or order is drawn sufficient funds to pay the same when presented unless such check

or draft is paid or accepted when presented, shall be prima-facie evidence of fraudulent intent.

"SECTION 2. Be it further enacted, That all laws and parts of laws in conflict herewith be, and the same are, hereby repealed, and that this Act take effect from and after its passage, the public welfare requiring it."

*(3)* The legislative intent controls in such matters, *Bennett* v. *State,* 10 Tenn., 472; 25 R. C. L., 917.

*(4)* No principle of law is better settled than that a statute purporting to cover an entire subject repeals all former statutes upon the same subject, either with or without a repealing clause, and notwithstanding it may omit material provisions of the earlier statutes. *Poe* v. *State,* 85 Tenn., 495; *Terrell* v. *State,* 86 Tenn., 523; *Rodemer* v. *Mitchell,* 90 Tenn., 65; *State* v. *Butcher,* 93 Tenn., 679; *Chattanooga* v. *Neeley,* 97 Tenn., 527; *Maxwell* v. *Stuart,* 99 Tenn., 408; *Zickler* v. *Union Bank & Trust Co.,* 104 Tenn., 277; *Erwin* v. *State,* 116 Tenn., 71; *Malone* v. *Williams,* 118 Tenn., 390; *Balden* v. *State,* 122 Tenn., 704; *Stonega Coke & Coal Co.* v. *Southern Steel Co.,* 123 Tenn., 428; *Hurt* v. *Y. & M. V. R. Co.,* 140 Tenn., 623; *Hunter* v. *Harrison,* 154 Tenn., 590.

The rule is thus stated in 25 R. C. L., 915:

"Where a statute covers the whole subject-matter of an earlier act, and it is evident that it was intended to be a revision of, or substitute for, the earlier act, although it contains no express words to that effect, it operates as a repeal of the earlier act to the extent that its provisions are revised and supplied."

*(5)* And in the same book, on page 930, in discussing criminal statutes, it is said:

"Thus where a later statute defines an offense that is described in an earlier statute, the earlier statute is repealed; and the same result follows where the new stat-

ute changes the penalty, as where punishment by fine or imprisonment is changed to fine and imprisonment.''

There can be no doubt but that the Legislature intended that one who procured less than thirty dollars by use of a check, which was not paid, should be guilty of a misdemeanor only.

(6) The two acts are, therefore, repugnant, and the former must give way to the latter. There cannot exist at the same time two statutes prohibiting the same wrong where they prescribe different degrees of punishment. The accused cannot be convicted of a felony where the Legislature, by its latest expression, has said specifically that for such offense he shall only be convicted of a misdemeanor.

(7) Our conclusion is that the wrongs here complained of come within the provisions of the Act of 1915. The indictments in no wise conform to said act and are invalid. *State* v. *Crockett*, 137 Tenn., 679.

(8) It results that the judgments of the trial court will be reversed, the motions in arrest of judgments sustained and the prisoner discharged.