I am authorized to state that BROCK, J., joins in this dissent.

**STATE of Tennessee, Appellant,**

v.

**Oddie NELSON and Clara J. Nelson, Appellees.**

Court of Criminal Appeals of Tennessee.

Oct. 3, 1978.

Certiorari Denied by Supreme Court Jan. 8, 1979.

Brooks McLemore, Jr., Atty. Gen., William Oscar Kelly, Asst. Atty. Gen., Nashville, Elmer D. Davies, Jr., Dist. Atty. Gen., Franklin, for appellant.

Samuel H. Smith, Centerville, for Oddie Nelson.

J. Wallace Harvill, Centerville, for Clara J. Nelson.

## OPINION

SAMUEL L. LEWIS, Special Judge.

Appellees, Oddie and Clara J. Nelson, were indicted and charged under two (2) separate indictments. One indictment charged that they did carnally know and abuse Rebecca Nelson, a female under 12 years of age, and the other charged that they did carnally know and abuse Sheila Jane Nelson, a female under 12 years of age.

They filed a motion to dismiss each of the indictments, stating that they were indicted under T.C.A. § 39–3705, a general statute, and that if they were to be indicted at all they should have been indicted under T.C.A. § 39–705.

T.C.A. § 39–3705 provides:

"Any person who shall carnally know and abuse a female under the age of twelve (12) years shall, on conviction, be punished by imprisonment in the penitentiary for life or for a period of not less than ten (10) years."

The pertinent part of T.C.A. § 39–705 is:

"No man shall marry or have carnal knowledge of his mother, his father's sister, his mother's sister, his sister, his daughter, the daughter of his brother or sister, the daughter of his son or daughter, his father's wife, his son's wife, his wife's daughter, the daughter of his wife's son or daughter. * * *. Whoever shall commit any offense mentioned in this section shall be deemed guilty of incest, and shall undergo confinement in the penitentiary for a period not less than five (5) years nor more than twenty-one (21) years."

Is T.C.A. § 39–3705 a general provision and T.C.A. § 39–705 a special provision so that the defendants may only be indicted under T.C.A. § 39–705?

Where there are two provisions, one of which is special and particular and certainly includes the matter in question, and the other general which, if standing alone, would include the same matter and thus conflict with the special provisions, the special must be taken as intended to be an exception to the general provision, especially where the two provisions are contemporaneous, as the Legislature is not to be presumed to have intended a conflict. *State v. Safley,* 172 Tenn. 385, 112 S.W.2d 831, 833 (1938). See also T.C.A. § 1–303.

The subject of T.C.A. § 39–705 is marriage or sexual intercourse with a relative within the prohibitive degree of consanguinity. *Henley v. State,* 489 S.W.2d 53 (Tenn.Cr.App.1972). The subject matter of T.C.A. § 39–3705 is carnal knowledge of a female under the age of 12.

Both statutes are specific to the same degree. The logic behind the general/specific rule, that the specific provision should prevail because the Legislature was more carefully directing its attention to the particular subject matter would not apply.

A father who has carnal knowledge of his daughter under the age of twelve could be indicted under the incest statute or under the statutory rape statute.

T.C.A. § 39–3705 prohibits carnal knowledge and abuse of a female by "any person". T.C.A. § 39–705 prohibits sexual relations between men relatives and women relatives. It does not prohibit sexual abuse of a daughter by her mother.

The incest statute is not a "special" provision for the reason that if a purported "general" statute concerning statutory rape were to stand alone it would not cover all the matters covered by the incest statute. *See Haley v. State,* 156 Tenn. 85, 299 S.W. 799 (1927).

The judgment of the trial Court in dismissing the indictments is reversed and these cases are remanded for further proceedings.

BYERS, J., and GERALD L. EWELL, Special Judge, concur.