# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### SEPTEMBER SESSION, 1999



FILED

December 21, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

MICHAEL JOE BOYD,

     Appellant,

vs.

STATE OF TENNESSEE,

     Appellee.

\*
\*
\*
\*
\*
\*
\*
\*
\*

No. W1999-01981-CCA-R3-PC

SHELBY COUNTY

Hon. Carolyn Wade Blackett, Judge

(Post-Conviction)

For the Appellant:

**Robert Hutton, Jr.**
Glankler Brown PLLC
100 Commerce Square - Suite 1700
Memphis, TN  38103

For the Appellee:

**Paul G. Summers**
Attorney General and Reporter

**Jennifer L. Smith**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**William L. Gibbons**
District Attorney General

**John Campbell**
Asst. District Attorney General
Criminal Justice Complex - Suite 301
201 Poplar Avenue
Memphis, TN  38103

ORDER FILED: _____

APPEAL DISMISSED

**David G. Hayes,** Judge

## ORDER

This appeal presents the collateral attack of a 1983 guilty plea to second degree murder. In March 1988, the appellant, Michael Joe Boyd, filed a *pro se* petition for post-conviction relief in the Criminal Court for Shelby County. The post-conviction court summarily dismissed the appellant's petition on February 12, 1990. Although no direct appeal of this order was taken, the appellant, on March 14, 1990, filed a "Motion to Reconsider and for Opportunity to Put on Testimonial Proof" in the post-conviction court. On December 7, 1998, the court denied the appellant's motion on the ground that it had lost jurisdiction over the matter. The appellant now appeals the post-conviction court's rulings of February 12, 1990, and December 7, 1998. Two issues are raised:

> I. Whether the post-conviction court erred by failing to hold an evidentiary hearing prior to disposing of the appellant's petition.

> II. Whether the trial court failed to properly advise the appellant of his right against self-incrimination prior to accepting his guilty plea to second degree murder.

The State argues that the appellant has waived his right to appeal both the December 1998 order and the February 1990 order.

After review of the arguments of both parties and the applicable law, we conclude that the appellant has waived his right to appeal the post-conviction court's February 1990 order denying him post-conviction relief. Moreover, we conclude that this court does not have the authority to review the post-conviction court's order of December 1998. Accordingly, this appeal is dismissed.

### Procedural History

On March 1, 1988, the appellant filed nine petitions for post-conviction relief. Although the appellant's petitions encompass nine separate convictions, the only conviction challenged in this appeal is the appellant's 1983 guilty plea to second

degree murder.  Accordingly, our review is limited to this conviction.[1]  Specifically,

the appellant alleges that his guilty plea to second degree murder is invalid because:

> (1)The Judge failed to advise me in open court, on the record, of my right not to be compelled to incriminate myself if I had a trial.
>
> (2)  The Judge failed to advise me in open court, on the record, of the mandatory minimum and maximum penalty provided by law of the crime to which I was charged and to which I was pleading guilty.
>
> (3)  The Judge failed to advise me in open court, on the record, that he or the State may ask questions about the offense to which I plead guilty and that my answers to these questions under oath, on the record, and in the presence of counsel, if untruthful could result in a prosecution for perjury.
>
> (4)  The Judge failed to advise me in open court, on the record, that the conviction resulting from my guilty plea may be used in a subsequent proceeding to enhance the punishment for subsequent offenses.

The appellant requested that his petitions for post-conviction relief be held in

abeyance pending the outcome of his appeal of his felony murder conviction.[2]    On

June 29, 1988, the trial court appointed counsel and on, July 27, 1988, and

September 20, 1988, appointed counsel filed amendments to the petitions alleging

as an additional ground that "his guilty pleas are invalid in that he was not properly

advised of his constitutional rights as mandated in Rounsaville v. State, 733 S.W.2d

506 (Tenn. 1987)."  Appointed counsel was permitted to withdraw on December 14,

1988, and substitute counsel was designated.  On February 12, 1990, the post-

conviction court entered, without holding an evidentiary hearing, its findings of fact

and conclusions of law with respect to the appellant's petitions for post-conviction

relief.  Specifically, the post-conviction court found:

> Pursuant to the authority of Housler and Wallace, the Court finds that, with exception of the first claim [that the trial court failed to advise the appellant of his right against self-incrimination], none of the asserted grounds are a proper basis for Post-Conviction Relief even if they are found to be breached.  These claims go beyond the requirements of Boykin and are therefore not constitutionally based.
>
> With respect to petitioner's claim that he was not advised of his right against self-incrimination in a trial, the Court finds to be without merit.

---

[1]The appellant filed petitions for post-conviction relief on March 1, 1988, challenging the validity of his October 8, 1979, guilty pleas to two counts of petit larceny, one count of sexual battery, and one count of attempted burglary; his April 7, 1983, guilty pleas to one count of fraudulent use of a credit card and one count of receiving a stolen credit card; and his October 17, 1983, guilty pleas to possession of marijuana, one count of petit larceny, and one count of second degree murder.

[2]Although not before this court in the present proceedings, we note that, on March 10, 1988, the appellant was convicted of felony murder and two counts of robbery with a deadly weapon and was ultimately sentenced to death by a Shelby County jury.  These convictions and sentences were subsequently affirmed by the Tennessee Supreme Court.  See  State v. Boyd, 797 S.W.2d 589 (Tenn. 1990), cert. denied, 498 U.S. 1974, 111 S.Ct. 800 (1991).  Evidence of the appellant's conviction for second degree murder, which is challenged in the case sub judice, was presented to the jury as evidence in support of the (i)(2) aggravator.

> . . . This Court has received transcripts of each of the hearings and, where petitioner has failed to rebut the same, finds such to be <u>prima facie</u> evidence that he was informed of this privilege.
> . . .
> It appears, and this Court finds, that petitioner knowingly and intelligently waived his privilege against self-incrimination. Therefore, there have been no violations amounting to constitutional error and the prior guilty pleas were properly entered.

Subsequently, on March 14, 1990, the appellant filed in the Shelby County Criminal Court a "Motion to Reconsider and For Opportunity to Put on Testimonial Proof." Essentially, the appellant asserts in his motion that because the post-conviction court denied relief based, in part, upon the appellant's failure to meet his burden of proof, he should be granted an "opportunity to put on testimonial proof." Additionally, the appellant argues that the post-conviction court's findings failed to address whether his guilty pleas were invalid as he was not advised of the consequences of his guilty pleas as enhancement factors for future punishments.[3] The State responded to the appellant's motion on December 23, 1993, asserting that the appellant had been provided an evidentiary hearing on his post-conviction petitions. The record indicates that on January 13, 1994, and May 12, 1995, appointed counsel filed memorandum in support of the appellant's petitions for post-conviction relief. The record also reflects that, on April 13, 1995, the Shelby County Criminal Court heard proceedings on the appellant's petition for post-conviction relief and took such matter under advisement until May 19, 1995. On December 7, 1998, the Shelby County Criminal Court denied the appellant's Motion to Reconsider on grounds that since the appellant failed to appeal the Findings of Fact and Conclusions of Law entered by the trial court within thirty days of its entry, the Criminal Court lost jurisdiction to review the merits of its order. On December 14, 1998, the appellant filed a notice of appeal from both the December 1998 order and the February 1990 order.

**Analysis**

---

[3]The post-conviction court found that the only allegation raising a constitutional claim was the appellant's contention that the trial court failed to advise him of his right against self-incrimination. The court specifically concluded that all other claims failed to rise to a violation of a constitutional right. Thus, the post-conviction court did address all allegations raised in the appellant's petition and in his amended petition.

The appellant's appeal includes both the December 7, 1998 order and the February 12, 1990 order of the Shelby County Criminal Court. The State contends that the appellant has waived his right of review of the issues presented because he has failed to timely file his notice of appeal arising from the post-conviction court's denial of post-conviction relief, thus, causing the trial court to lose jurisdiction over his post-trial motion. We acknowledge that the initial question before this court is whether we have jurisdiction to consider the appeal of the December 1998 order denying the appellant's Motion to Reconsider and whether the filing of this post-judgment motion tolled the thirty day time period in which to file a notice of appeal.

Again, the post-conviction court entered an order on February 12, 1990, denying the appellant relief on all nine of his post-conviction petitions. Rather than filing a notice of appeal to this court, the appellant, on March 14, 1990, filed with the post-conviction court a "Motion to Reconsider and for Opportunity to Put on Testimonial Proof." On December 7, 1998, the post-conviction court entered an order dismissing the appellant's "Motion to Reconsider." On December 14, 1998, the appellant filed a notice of appeal to this court from both the December 1998 order and the February 1990 order.

The State contends that the appellant has waived his right to complain of both the December 1998 order and the February 1990 order. Specifically, the State contends that the post-conviction court correctly found that it was without jurisdiction to entertain the appellant's "Motion to Reconsider" once the court's order denying post-conviction relief became final. Moreover, a "Motion to Reconsider" does not toll the running of the thirty day appeal period in a post-conviction proceeding. Accordingly, the State asserts that the appellant has waived his right to appeal the post-conviction court's dismissal of his petition for post-conviction relief entered on February 12, 1990.

The appellant responds that he was not required to file a notice of appeal until thirty days after the post-conviction court disposed of his post-judgment motion. Specifically, the appellant asserts that his timely filed "Motion to Reconsider" tolled the thirty day appeal period. In support of his contention, the appellant relies upon Tenn. R. Civ. P. 59.02 and 59.04, insisting that the Post-Conviction Procedure Act is

5

governed by the Rules of Civil Procedure. Alternatively, the appellant argues that irrespective of whether this court finds the Rules of Civil Procedure apply, case law dictates that he was not required to file a notice of appeal until after the trial court disposed of his post-judgment motion.

Our initial inquiry relative to the determination of our jurisdiction over this proceeding focuses upon whether the Rules of Civil Procedure apply to post-conviction proceedings. The appellate courts of this state have not defined whether proceedings initiated under the Post-Conviction Procedure Act are purely civil or criminal in nature. Invariably, such proceedings have been characterized as quasi-civil, quasi-criminal, and "hybrid affairs." See Watkins v. State, 903 S.W.2d 302, 304 (Tenn. 1995). In Watkins v. State, our supreme court observed, citing the American Bar Association's Standards for Criminal Justice, 2nd Ed.:

> Post-conviction review has become an established part of the criminal process. In formulating a rule we recognize that the post-conviction proceeding is procedurally separate and apart from the original criminal prosecution. . . . It seeks not to convict, but to set aside a conviction which is void or voidable because of the abridgement of constitutional rights. The base root of the proceedings is criminal. *The procedure by which a criminal conviction may be set aside is civil in nature, therefore it is tried under the Rules of Civil Procedure* and less stringent evidentiary rules apply. If the petitioner is unsuccessful in his application his criminal status is retained.

Watkins, 903 S.W.2d at 305 (emphasis in original). See also State v. Ronnie Calvin "Pig" Styles, No. 03S01-9108-CR-67 (Tenn. at Knoxville, Jan. 25, 1993). Notwithstanding, this general statement that the Rules of Civil Procedure should be applied, the court noted that "[t]he procedural characteristics of the post-conviction remedy should be appropriate to the purposes of the remedy." Watkins, 903 S.W.2d at 305.

It is observed that the holding of Watkins was expressly limited to the procedural issue of the tolling of the statute of limitations. See Watkins, 903 S.W.2d at 305-307. Indeed, the court concluded that "[f]or the procedural purposes relevant to this case, a post-conviction petition should be considered civil in nature." Watkins, 903 S.W.2d at 305 (emphasis added). Consequently, the court determined that, for purposes of tolling the statute of limitations, Tenn. Code Ann. § 28-1-106 (tolling statute of limitations period for persons of unsound mind) is

applicable to post-conviction proceedings.[4] By expressly limiting their holding to the tolling provisions of the Act, the supreme court implicitly upheld their previous holding in State v. Scales, 767 S.W.2d 157 (Tenn. 1989). In Scales, the court concluded that, for purposes of Tenn. R. App. P. 4, post-conviction proceedings are criminal in nature and the notice of appeal may be waived in the interest of justice. Scales, 767 S.W.2d at 158. Thus, there is no definitive answer to which rules,

Criminal or Civil, are to apply. Rather, the determination of which rules apply under the pre-1995 Post-Conviction Procedure Act must be made on a case-by-case basis.

Post-conviction procedure is not constitutionally mandated procedure; rather, it exists purely as a creature of the state legislature. See Jason L. Jennings v. State, No. 01C01-9703-CR-00106 (Tenn. Crim. App. at Nashville, Apr. 1, 1998), perm. to appeal denied, (Tenn. Nov. 9, 1998) (citing Abston v. State, 749 S.W.2d 487, 488 (Tenn. Crim. App. 1988); James Leon Crowder v. State, No. 01C01-9005-CR-00129 (Tenn. Crim. App. at Nashville, Dec. 20, 1990)). In this regard, all procedural aspects should be first determined by the Act itself.[5] In support of this proposition, we acknowledge the well-established rule of statutory construction providing that a specific provision relating to a particular subject of a statute controls over a general provision applicable to a multitude of subjects. See Cooper v. Alcohol C. of City of Memphis, 745 S.W.2d 278, 280 (Tenn. 1988). See also State v. Nelson, 577 S.W.2d 465, 466 (Tenn. Crim. App. 1978) (the specific provision prevails because the legislature was "carefully directing its attention to the particular subject matter"). Likewise, the specific mandates of a statutory provision shall take precedence over the general provisions of the rules of procedure. See Cooper, 745

---

[4]Compare with Tenn. Code Ann. § 40-30-202(a) (1997) ("[t]he statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity); Vikki Lynn Spellman v. State, No. 02C01-9801-CC-00036 (Tenn. Crim. App. at Jackson, Aug. 21, 1998), perm. to appeal granted, (Tenn. Mar. 15, 1999) (Tenn. Code Ann. § 28-1-106 not applicable to 1995 Post-Conviction Procedure Act). See generally Tenn. Sup. Ct. R. 28 § 3(B) (1996) ("[n]either the Tennessee Rules of Civil Procedure nor the Tennessee Rules of Criminal Procedure apply to post-conviction proceedings except as specifically provided by these rules").

[5]The drafters of the Act rejected proposing an act written in generic terms like the Nebraska Post-Conviction Procedure Act. . . . Instead, they proposed an act which outlines basic procedures, written in specific terms, in an effort to achieve "clarity and simplicity," "greater control" over construction, and "less need for adjudication to clarify the [statute's] meaning." Gary L. Anderson, *Post-Conviction Relief in Tennessee--Fourteen Years of Judicial Administration Under the Post-Conviction Procedure Act,* 48 Tenn. L. Rev. 605, 610 fn.16 (1981) (citing F. Dennis, Memorandum to Law Revision Commission State of Tennessee Relating to a Post-Conviction Procedure Act for Tennessee 45-46 (Tenn. State Archives)).

S.W.2d at 280. Thus, the Post-Conviction Procedure Act should be construed within its own terms supplemented by the Rules of Civil and Criminal Procedure where expressly authorized to do so.[6] See Charles A. Griffin v. State, No. 01C01-9307-CC-00225 (Tenn. Crim. App. at Nashville, Dec. 23, 1993), concurring in results only, (Tenn. Mar. 28, 1994) ("suits brought pursuant to the Post-Conviction Procedure Act are governed by the Act--such actions are not governed by either the Tennessee Rules of Criminal Procedure or the Tennessee Rules of Civil Procedure); Russell Davis v. State, No. 02C01-9307-CR-00132 (Tenn. Crim. App. at Jackson, Mar. 23, 1993), aff'd by, 912 S.W.2d 689 (Tenn. 1995).

A review of the Act leads us to the conclusion that a motion to reconsider is not expressly authorized in a post-conviction proceeding. See Tony Craig Woods v. State, No. 01C01-9606-CR-00238 (Tenn. Crim. App. at Nashville, Sept. 30, 1997), perm. to appeal denied, (Tenn. Jun. 29, 1998) (citing State v. Burrow, 769 S.W.2d 510, 511 (Tenn. Crim. App. 1989); State v. Ryan, 756 S.W.2d 284, 285 n. 2 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1988)). The Act was designed to achieve finality through one post-conviction hearing in which all grounds for challenging the validity of a conviction would be considered, thereby eliminating subsequent petitions for relief in state and federal courts. See G. Gray, Memorandum to Tennessee Judicial Council Post Conviction Procedure Act (Oct. 22, 1970) (Tenn. State Archives). This purpose would be frustrated if this court were to interpret the Act to include a list of non-exhaustible post-judgment motions. Indeed, under the Post-Conviction Procedure Act, "[t]he order granting or denying relief . . . shall be deemed a final judgment, and an appeal may be taken to the court of criminal appeals in the manner prescribed by the Tennessee Rules of Appellate Procedure." Tenn. Code Ann. §40-30-122 [repealed 1995] (emphasis added). Once a judgment is final, the trial court generally loses jurisdiction to amend it. State v. Lock, 839 S.W.2d 436, 440 (Tenn. Crim. App. 1992) (citing State v. Moore, 814 S.W.2d 381 (Tenn. Crim. App. 1991); Ray v. State, 576 S.W.2d 598, 602

---

[6]The Post-Conviction Procedure Act expressly governs the commencement of post-conviction actions, the contents of the petition, the method of service, the ability to amend said petitions, and the response by the State. See, e.g., Tenn. Code Ann. §§ 40-30-103; 40-30-104;40-30-106; 40-30-107; 40-30-114 [repealed 1995]. The Act defines the grounds for relief, defenses available to the State and the availability, scope and taking of evidence of any hearing. Tenn. Code Ann. §§ 40-30-102; 40-30-105; 40-30-109; 40-30-110; 40-30-111; 40-30-112. Furthermore, the Act expressly provides for final disposition of petitions and any appeals therefrom, making no reference to application of any additional rules or statutes other than the Tennessee Rules of Appellate Procedure. Tenn. Code Ann. §§ 40-30-118; -122.

(Tenn. Crim. App. 1978)). Accordingly, the post-conviction court lost jurisdiction over the proceeding when it entered its order denying relief on February 12, 1990.

Additionally, the Rules of Appellate Procedure do not permit an appeal as of right from an order denying a motion to reconsider. Tenn. R. App. P. 3(b) provides that:

> an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved with the consent of the state and the trial court the right to appeal a certified question of law dispositive of the action, or if the defendant seeks review of his sentence and there was no plea agreement concerning his sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

Accordingly, this court does not have jurisdiction to consider the appellant's "Motion to Reconsider." We conclude that the appeal of the December 1998 order of the post-conviction court is not properly before this court.

Notwithstanding this conclusion, we must also determine the propriety of the appellant's appeal of the post-conviction court's order of February 12, 1990. An appeal as of right is initiated by the filing of a notice of appeal, Tenn. R. App. P. 3(e), within thirty days of the entry of the judgment being appealed. Tenn. R. App. P. 4(a). For purposes of notice of appeal requirements, the Post-Conviction Procedure Act has been construed as being criminal in nature. See Scales, 767 S.W.2d at 158. Thus, the notice of appeal document is not jurisdictional and the filing of such document may be waived in the interest of justice. Tenn. R. App. P. 4(a); Scales, 767 S.W.2d at 158. The thirty day period shall not be tolled but for the timely filing of a (1) motion for judgment of acquittal; (2) motion for new trial; (3) motion for arrest of judgment; or (4) motion for a suspended sentence. Tenn. R. App. P. 4(c). If one of the enumerated motions is filed, the thirty days runs from the entry of the order determining such motion or motions. Tenn. R. App. P. 4(c). The Post-Conviction Procedure Act, by its very nature and purpose, does not contemplate the filing of any of the motions enumerated in Tenn. R. App. P. 4(c). Thus, no post-judgment motions are permitted to suspend the running of the appeal time from the entry of

9

the judgment in a post-conviction proceeding. <u>See</u> <u>Lock</u>, 839 S.W.2d at 440 (citations omitted). Indeed, regarding a motion to reconsider, this court has specifically noted that "there is no provision in the Tennessee Rules of Criminal Procedure for a 'petition to reconsider'. . . ." <u>Id.</u> (citing <u>State v. Ryan</u>, 756 S.W.2d at 285 n.2).

Notwithstanding our conclusion, even if the Rules of Civil Procedure applied as argued by the appellant; the Motion to Reconsider filed in the present case would not toll the thirty day filing period. The only motions contemplated under the Rules of Civil Procedure for extending the time for taking steps for appellate proceedings are a motion for directed verdict, a motion to make additional findings of fact, a motion to assess costs, a motion for new trial, and a motion to amend the judgment.[7] <u>See</u> Tenn. R. Civ. Pro. 59.01 (1990). In essence, the purpose of these motions is to prevent unnecessary appeals by giving the trial court an opportunity to correct errors which occurred before the entry of judgment. <u>See</u> MacLean and MacLean, Tennessee Practice, Rules of Civil Procedure, v. 4 § 59.2 (1989).

In reviewing the motion, this court must consider the substance of the motion in determining whether it is in fact one of the specified post-trial motions which toll commencement of the time period. <u>See</u> <u>Tennessee Farmers Mut. Ins. Co. v. Farmer</u>, 970 S.W.2d 453, 455 (Tenn. 1998); <u>see also</u> Tenn. R. Civ. P. 8.05 (no technical forms of pleading or motions are required). Applying this rule, we can ascertain that the appellant's "Motion to Reconsider" is, in substance, a motion for an evidentiary hearing. Clearly, this motion is not encompassed by Tenn. R. Civ. P. 59.01 and, therefore, does not toll the thirty day time period. Thus, even applying the Rules of Civil Procedure, the motion does not toll the thirty day time period.

Although we have concluded that the appellant's Motion to Reconsider did not toll the thirty day time period, we must still determine whether the appellant's notice of appeal of the February 1990 order was timely filed. Tenn. R. App. P. 4(a) provides that a notice of appeal shall be filed with and received by the clerk of the trial court within thirty days after the date of entry of the judgment appealed from.

---

[7]This rule has been amended to delete the motion for discretionary costs. <u>See</u> Tenn. R. Civ. Pro. 59 (1999).

Thus, the appellant's filing of his notice of appeal on December 14, 1998, was well outside the thirty day time period. Notwithstanding, the rules also provide that "in all criminal cases 'the notice of appeal' document is not jurisdictional, and the filing of such document may be waived in the interest of justice.'" Tenn. R. App. P. 4(a); see also Scales, 767 S.W.2d at 158 (holding that for purposes of Tenn. R. App. P. 4(a), post-conviction proceedings are criminal in nature).

In determining whether the thirty day time limit for filing a notice of appeal should be waived in the instant case, we note that the notice of appeal was filed almost nine years after the post-conviction court's denial of post-conviction relief. The conviction giving rise to the post-conviction claim occurred approximately sixteen years prior to the filing of this notice. The appellant was represented by counsel over this time span and failed to comply with the applicable rules of procedure, in addition to failing to follow the provisions of the Post-Conviction Procedure Act. Also, we note that the appellant has failed to provide this court with any reason as to why justice requires that the timely notice requirement should be waived.

Another important consideration in support of waiver is the policy consideration that "there must be a finality to all litigation, criminal as well as civil." House v. State, 911 S.W.2d 705, 713 (Tenn. 1995), cert. denied, 517 U.S. 1193, 116 S.Ct. 1685 (1996) (citations omitted). A defendant in a criminal prosecution should be bound by the judgment entered just as a party to a civil suit. Id. Such "[p]erpetual disrespect for the finality of convictions disparages the entire criminal justice system," by burdening its judicial resources and diminishing the reliability of review due to the passage of time. See House, 911 S.W.2d at 713 (citing McClesky v. Zant, 499 U.S. 467, 493, 111 S.Ct. 1454, 1469 (1991)). Indeed, the United States Supreme Court characterized the finality of judgments as "[one] of the law's very objects." House, 911 S.W.2d at 713 (quoting McClesky, 499 U.S. at 491, 111 S.Ct. at 1468)). Thus, after reviewing the issues, briefs, and the record before this court, we conclude that justice does not require us to waive the thirty day filing

11

requirement of Tenn. R. App. P. 4(a).[8]  See, e.g., State v. Cleotha Nash, No. 02C01-9701-CC-0026 (Tenn. Crim. App. at Jackson, Feb. 18, 1998), perm. to appeal denied, (Tenn. Oct. 12, 1998).

Following a review of the record before this court, we conclude that the appellant has waived his right to appeal the lower court's denial of his petition for post-conviction relief.  Additionally, we find that the appellant's appeal of the lower court's denial of his Motion to Reconsider is not properly before this court.

It is, therefore, ORDERED, that the appellant's appeal be dismissed.

_____
DAVID G. HAYES, Judge

CONCUR:


_____
JOE G. RILEY, Judge


_____
THOMAS T. WOODALL, Judge

---

[8]In furtherance of our obligation to examine the nature of the issues presented for review, we note, again, that the appellant has presented two issues: (1) that he was denied an evidentiary hearing on his petition and (2) that his guilty pleas were unknowingly entered.  First, the record does not conclusively establish that the appellant was denied an evidentiary hearing.  Moreover, Tenn. Code Ann. § 40-30-109(a)(1) provides that "[w]hen the petition has been competently drafted and all pleadings, files and records of the case ... conclusively show that the petitioner is entitled to no relief, the court may order the petition dismissed."  See also Tenn. Code Ann. § 40-30-104(b) (petition shall have attached affidavits, record, or other evidence supporting its allegations); Baxter v. Rose, 523 S.W.2d 930, 939 (Tenn. 1975).  A review of the transcript of the guilty plea hearing shows that the trial court advised the appellant of his right against self-incrimination.